## WELCH VS. WELCH.

DIVORCE — MINOR CHILDREN. (1-4, 6) *Care and custody of minor chidren — Power of the court — General principles of its exercise.* (7, 8) *Costs in divorce actions and subsequent proceedings.*

PRESUMPTION : (5) *In appellate court in favor of decision appealed from.*

1. The authority given to the circuit court in divorce cases, to render judgment concerning the care, custody and maintenance of the minor children of the parties, and to revise and alter such judgment from time to time (secs. 19, 20, ch. 111, R. S.), is unlimited, and is to be exercised, at the *discretion* of the court, with a view to *subserve the best interests of such minor children.*

2. The court may, in its discretion, award the care and custody of the minor children to either party to such an action, and direct by whom and how they shall be maintained, whatever may have been the ground of divorce; or it may provide (as in this case) that one party shall be the guardian for *nurture*, and the other guardian for the *mental education* and discipline.

3. In general, all other circumstance being equal, the paramount common law right of the father to the children will be recognized; but if the divorce has been ganted for his fault or misconduct, such fault or misconduct may properly be considered by the court in the exercise of its discretion. .

4. This court will not reverse the judgment of the circuit court in such a case unless it can say from the facts appearing of record that such judgment was wrong.

5. As to facts not appearing by the record, and which cannot be brought before the court of review, derived from the personal knowledge and observation of the circuit judge, it will be *presumed* that they were such as to favor the conclusion reached by the court below.

Welch vs. Welch.

6. In this case, on granting a judgment of divorce at the suit of the wife, for defendant's willful desertion of her, the court gave her the care, custody and education of their one child, a boy. Subsequently both parties married again, and the court afterwards modified its judgment so as to transfer to the defendant the care and custody of the boy (now fourteen years old) *for the purpose of education*, and so long as he should keep and maintain the child at school. *Held*, that upon the facts shown by the record (see below), this court cannot say that the circuit court abused its discretion in so modifying the judgment.

7. In actions for divorce and proceedings connected therewith, this court may give or withhold *costs*, at its discretion.

8. The judgment in this case is affirmed *without costs in this court to either party*, except those of the clerk, which the defendant is required to pay.

APPEAL from the Circuit Court for *Marathon* County.

In 1861, *Louisa Welch* applied to said circuit court for a decree of divorce from *Thomas Welch*, and to be allowed the care and custody of the infant child of said marriage. The complaint averred that the parties intermarried, at Wausau in Marathon county, in April, 1859 ; that plaintiff then was and ever since had been a resident of said county ; that immediately after the marriage defendant left Wausau with the expressed intention of going "down the river to St. Louis," and had not since returned to said county, and had not corresponded with plaintiff during that time; that since the marriage plaintiff had not in any way received aid, assistance or comfort from defendant; that she was the mother of one child by defendant, which had been wholly supported by her for one year preceding the date of said complaint; that defendant had not contributed anything to its support; and that he had willfully deserted the plaintiff for one year next preceding the complaint. The defendant appeared to the action, by attorney, but made no defense; and after proofs taken, the court found all the material allegations of the complaint were true; and it decreed a dissolution of the marriage, and also ordered and decreed "that plaintiff have the care and custody and education " of the child mentioned in the complaint, " until the further order of this court."

In 1868, when the child in question, a boy, was about eight years old, the defendant filed a petition in said court containing the following allegations : that while defendant was the lawful husband of plaintiff, said child was born to them of their cohabitation ; that since the decree above recited, plaintiff had remarried, and was then living " in the western settlements of said county of Marathon," and was " in very limited circumstances, and utterly unable to properly clothe, maintain and educate said child," who was " growing up in gross ignorance, and without any or [with] little of the advantages of refined society ;" that the petitioner had resided for about eight years then last past, and still resided, in the city of Stevens Point in this state, and had also remarried, and had abundant means to properly bring up, clothe, maintain and educate said child ; that it was his wish and intention to afford the child good advantages, and give him a superior education ; and that the future welfare of the child required that the petitioner should have the care and custody of him.   The court was therefore asked so to amend the decree that the care and custody of the child might be committed to the petitioner absolutely, without the intervention of the plaintiff.

No action appears to have been taken upon this petition for several years.   In January, 1872, notice was served upon plaintiff's attorney, of a motion that the decree be modified so as to award the custody of the child to the defendant ; which motion would be based on the petition above recited, and upon the whole record in the cause.   It appears that at the hearing defendant also read, in support of the motion, an affidavit of E. L. Pike and G. W. Hungerford, dated August 14, 1872, to the effect that they had known defendant for ten years ; that he was a person of good habits and good moral character ; and that he had ample means to educate and maintain the child "in a highly respectable manner and fit for any position or profession in society."   For the plaintiff there were read counter affidavits, as follows :   1. Of the boy himself, that he was

Welch vs. Welch.

twelve years of age on the 2d of September, 1871 ; that it was his free choice and wish to be left in the care and custody of his mother ; and that he did not desire to live with or be in the care and custody of the defendant. 2. Of Frederick Rollenhagen, that he is the husband of the plaintiff ; that the boy in question is now and always has been under the full control, custody and care of the plaintiff ; and that affiant does not interfere in any manner therewith. 3. Of M. H. Barnum, Esq., that in April, 1865, plaintiff applied to affiant, who was then district attorney of Marathon county, complaining that she (plaintiff) was about to become the mother of a child by defendant, and that defendant utterly refused to provide for her, and was about to leave said county and not return ; whereupon affiant procured the defendant's arrest, and had him confined in the common jail of the county ; that at that time defendant had property to a considerable amount, which was about to be attached for the purpose of providing for plaintiff, but that defendant then agreed to marry plaintiff, and accordingly the ceremony of marriage was performed, and defendant was set at liberty ; that defendant immediately thereupon left the county of Marathon, and did not return to his said wife ; that about one year afterwards plaintiff applied to affiant to procure for her a divorce from defendant ; that affiant commenced a suit for that purpose, and defendant appeared by his attorney, and demanded a copy of the complaint in said action, and said copy was served personally by affiant ; that defendant then and there, at the city of Stevens Point, declared to affiant that his only object in defending the suit was to prevent plaintiff from getting any of his property, or the costs of the suit, and that if she would let his property alone, " she and her child might go to hell — he would never molest her or her child ;" that defendant made no further appearance in the suit ; " that two or three years ago, to the certain knowledge of this affiant," defendant " kept a whisky shop and gambling house in the city of Stevens Point ; that he still continues to keep

the same; and that, to the best of the knowledge of the affiant, the reputation of said house remains the same, and is notoriously bad." 4. Of *Louisa Rollenhagen*, formerly *Louisa Welch* (the plaintiff), that she has read the foregoing affidavit of Mr. Barnum, and the same is true, of her own knowledge; that the child is now living with affiant in the town of Berlin, Marathon county, where affiant has a good, comfortable home with her present husband, Frederick Rollenhagen; that affiant is possessed of property in her own right sufficient to support herself and said child, and to educate the child liberally until he shall become twenty-one years old; that she has full control of the child, without any interference on the part of her said husband; that the child "is well advanced in education already, and regularly attends school and religious services;" that there is a good school kept within one mile of affiant's residence, and the child attends said school at least eight and a half months every year. 5. Of George Steltz, that he "is a resident of Marathon county, and is now the marshal of the village of Wausau in said county, where he has resided for more than ten years, during all which time he has been acquainted with both the plaintiff and defendant;" that he "knows of his own knowledge that the defendant keeps a retail liquor saloon in the city of Stevens Point, and permits gambling to be carried on at said saloon, and that gambling is carried on there;" that affiant, for the past three years, has frequently seen persons at said saloon "engaged in gambling for money at the game known as 'faro' or 'bob tail;' and that said saloon has the reputation of a gambling house, where drunkenness and gambling are allowed by the defendant;" that the plaintiff "is comfortably situated, in the midst of a Christian community, easily accessible to schools;" and that she has means of her own sufficient to support herself and child, and to educate the child; and that said child "is properly cared for and well advanced in education."

Welch vs. Welch.

Thereupon the court made an order, or judgment, the material part of which is as follows: " It appearing to the satisfaction of the court that the defendant is a fit and proper person to have the care, custody and control of said child, * * * and that he has ample means, not only to support, but to educate liberally said child, and is anxious to do so, and that it is for the benefit and interest of said child that he have the custody thereof in order to educate him: It is therefore * * * ordered and adjudged that the decree made herein * * * be, and the same is hereby modified so that the defendant shall have the care and custody of the child William Welch, for the purpose of educating said child ; and for that purpose it is ordered that the custody of the child be given to him so long as said child is by the defendant kept and maintained at school at Stevens Point during school terms. And further, it is ordered that the mother of said child shall at all times have the right and privilege of visiting said child, either at the house of the defendant or elsewhere; and that said child shall visit the plaintiff, his mother, at the end of each term of the school in Stevens Point, if he shall so desire, at the cost of the defendant; and that, in any event as to terms of school, the said child shall visit his mother twice in each year, at such times as will not prevent his attending school, if he desire so to do, and at the expense of defendant for transportation to and from his mother. And further, that upon cause shown, this order may be further amended or modified on application of either party."

From this judgment the plaintiff appealed.

W. C. Silverthorn, for appellant, as to the absolute right of appeal from the order, cited sec. 10, ch. 264, Laws of 1860 ; and as to the merits he cited In re Goodenough, 19 Wis., 274; Miner v. Miner, 11 Ill., 43.

G. L. Park, for respondent, as to the power and duty of the court in such cases, cited 2 Kent (11th ed.), 218, 219 and note

(V); Story's Eq. (Redf. ed.), §§ 1341 et seq.; 3 Hill, 399; and
he argued that the decision of the court below would not be
reversed unless shown to be an abuse of its discretion.

DIXON, C. J.   Unlike the proceeding in *In re Goodenough*,
19 Wis., 274, this is a statutory one, arising under the divorce
law, to determine whether the plaintiff or the defendant, for-
merly husband and wife, shall have the care and custody and
be charged with the maintenance of a child of theirs, a boy,
who at this time has attained the age of about fourteen years.
The parties were divorced in this action, which was commenced
by the wife against the husband, charging willful desertion, and
a judgment obtained on that ground in the year 1861.   The
parties have since married again, the plaintiff with another
husband, and the defendant with another wife, with whom
they are respectively still cohabiting.   The judgment gave the
care, custody and education of the child of her former marriage
to the plaintiff, "until the further order of the court."   This is
a proceeding instituted on the application of the defendant,
and brought to a hearing in the circuit court in August, 1872,
for a change of the judgment respecting the care and custody
of the child, and to have the same awarded to him, the defend-
ant.   The court granted the application, by so far modifying
the first judgment as to transfer the care and custody of the
child to the defendant for the purpose of educating him, and
so long as the defendant shall keep and maintain the child at
school at Stevens Point during the school terms.   Other direc-
tions were also specially given, which were intended for the
consolation and relief of the plaintiff at being separated from
her son, all of which, together with the proofs by affidavit and
other facts on which the circuit court acted, appear from the
statement of the case made by the reporter.   This is an appeal
by the plaintiff from the judgment so modifying the original
one, and transferring the care and custody of the child for edu-
cational purposes to the defendant.

The statutes authorizing such proceeding, as well as the making of the first judgment, are sections 19 and 20 of ch. 111, R. S. ; 2 Tay. Stats., 1273, §§ 19, 20. The power thus given is in a large sense discretionary in the court which may be called upon to exercise it. Section 19 declares that upon pronouncing judgment of divorce, " the court may make such further judgment as it shall deem just and proper concerning the care, custody and maintenance of the minor children of the parties, and may determine with which of the parties the children, or any of them, shall remain, having due regard to the age and sex of such children." And by section 20 it is enacted, that " the court may from time to time afterward, on the petition of either of the parties, revise and alter such judgment concerning the care, custody and maintenance of the children, or of any of them, and make a new judgment concerning the same, as the circumstances of the parents and the benefit of the children shall require."

It is obvious from a reading of these provisions, that whatever may be regarded as the natural and legal right of the father to the care and custody of his children at the common law, or however much the powers of the court, either of law or equity, may be abridged, or its discretion in that respect controlled in other proceedings, in this especial proceeding in the action for divorce, all such restrictions have been entirely removed by the statute, and the authority of the court is unlimited. The court may, in its discretion, award the minor children to the care and custody of either party, and direct by whom and how they shall be maintained, no matter what the ground of divorce may have been ; or it may, as was done by the judgment in question, divide the care and custody, declaring that the one parent shall be guardian for the nurture, and the other guardian for the mental education and discipline of their offspring. In general, all other circumstances being equal, the paramount common law right of the father to the children will be recognized. But if the divorce has been granted for the fault or

misconduct of the husband, then such right, according to the nature and circumstances of the fault or misconduct shown against him, will not be recognized. The faults and misconduct of the father leading to the separation, are proper to be considered by the court in the exercise of its discretionary power as to the disposition it shall make of the children, though the court may, in any case, if the welfare of the children demand it, and it be deemed the wisest and best thing to be done, give the custody and control of them, in whole or in part, to the father, notwithstanding he may have been the culpable party to the action. The welfare of the children, and how their interests will be best subserved, are the matters of primary consideration with the court; and whatever order is made respecting the care and custody of them, these should constitute the governing motives of judicial action.

Looking, therefore, to these general principles, and considering the liberality and comprehensiveness of the power conferred by the legislature upon the court granting the judgment of divorce, we can not say that the circuit court abused the discretion vested in it in allowing the application, and in making and entering the modifying judgment appealed from by the plaintiff. On the facts appearing of record, and upon which it is reported that the court acted, it is impossible for us to say that the judgment was wrong, or was one which ought not under the circumstances to have been rendered. We can see some very good reasons for thinking that it may be greatly for the boy's advantage to be placed under the partial and limited management and control of his father, for the purposes and subject to the regulations prescribed in the judgment. On the other hand we can see no very strong or sufficient reasons of an opposite character — none which may be fairly and reasonably said to countervail or overcome the advantages to be expected from the judgment. So much we can safely affirm from the record, while of those facts and circumstances not appearing by the record, and which can not be brought before

Welch vs. Welch.

the court of review, namely, such, the knowledge of which is derived by the circuit judge from his own personal observation and acquaintance with the parties, we can of course know nothing. Of facts and circumstances of the latter description, often exercising, and properly so, too, in cases of this kind, a very considerable influence upon the mind and judgment of the court, we can only indulge the presumption that they were such as to favor the conclusion arrived at by the court.

The case presents, therefore, no facts and circumstances impeaching the correctness of the judgment rendered or showing an abuse of the discretion vested by law in the circuit court; and we can say of this, as of all other appeals where a review and reversal of discretionary orders and judgments are sought, that that course of decision by this court is safest and greatly to be preferred, which leaves all such orders and judgments undisturbed, except in clear cases of abuse of the discretionary powers conferred upon the court or judge by whom they are made. If, in the present instance, the judgment entered shall be found to operate unfavorably, and not to be for the best interests of the child, upon presentation of the facts, the circuit court can vacate or modify it; and that is the course which should be pursued, instead of appealing to this court as under existing circumstances.

In actions for divorce and proceedings connected with them, as well as in some other cases, this court may give or withold costs in its discretion. *Noonan v. Orton*, 31 Wis., 282–3; *Reed v. Jones*, 15 id., 40; *Green v. Wescott*, 13 id., 606.

*By the Court.*—The judgment is affirmed, but without costs in this court against either party, save only the costs of the clerk, which will be taxed and allowed, and judgment entered therefor against the defendant.