JENKINS, Respondent, vs. JENKINS, Appellant.

*February 11—March 8, 1921.*

*Divorce: Custody of children: Discretion of court: Division of estate.*

1. In determining the custody of minor children in a divorce action, the result reached should subserve the best interests of the children, and the conclusion of the trial court should not be disturbed unless clearly wrong.
2. In an action of divorce growing out of a situation of estrangement for which no tangible cause can be assigned, but which is actual, the wife testifying that she cannot live with her husband, having no love for him, it was error for the trial court to take the youngest son of three, aged eight, five, and three years respectively, from the custody of the defendant wife, both parties being morally fit to have the custody of the children and both being able to maintain homes for them.
3. Where the support of two of the three minor sons was charged to the plaintiff husband and the support of the youngest son was cast on the defendant wife, title to the house of the husband worth $1,602, subject to a mortgage of $800, and to

furniture worth $1,400, was properly confirmed in him, the wife's earning power almost equaling his, she having her home with her parents.

APPEAL from a judgment of the superior court of Douglas county: SOLON L. PERRIN, Judge. *Modified and affirmed.*

Action for divorce. Plaintiff and defendant were married November 25, 1911, at Duluth, Minnesota, and were divorced by the judgment herein December 21, 1920. At the time of the trial plaintiff was thirty-six years of age and defendant twenty-six. Three children were born to them: William S., aged eight years; Allen, aged five; and Eugene, aged three years. Defendant without cause left plaintiff about the 11th day of March, 1918, taking the youngest son with her. Since then up to the time of the trial he has lived with her and the other two children remained with their father. The court granted the custody of all the children to the father, permitting defendant to visit them at reasonable times. The plaintiff earns about $150 per month and the defendant had a salary of $128 per month at the time of the trial. She is living with her parents in Duluth and he is living in Superior. Defendant appealed from the judgment, alleging that the court erred in granting the custody of the boy Eugene to plaintiff instead of to herself, and that it erred in the division of property that was made and in its refusal to grant her suit money.

For the appellant there was a brief by *Luse, Powell & Luse* of Superior, and oral argument by *C. Z. Luse.*

For the respondent there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *W. P. Crawford.*

VINJE, J. The trial court found that both the plaintiff and the defendant were morally fit and financially able to care for one or all of the children, and it reached the conclusion that it was for the best interests of the children that they should be brought up as one family and that the plaintiff

should have the custody of all.   It must be admitted that the trial court proceeded upon the right conception of the law, namely, that the result reached should subserve the best interests of the minor children.   *Welch v. Welch,* 33 Wis. 534; *Johnston v. Johnston,* 89 Wis. 416, 62 N. W. 181; *Markwell v. Pereles,* 95 Wis. 406, 69 N. W. 798.   It is also borne in mind that the conclusion of the trial court should not be disturbed unless clearly wrong.   *Welch v. Welch,* 33 Wis. 534.   In view of these well established principles of law, should the court modify the decree as to the custody of the children?   A correct answer to the question requires a somewhat fuller statement of the cause for the decree of divorce.   Defendant when married was only seventeen years old and plaintiff was then twenty-seven years of age.   They lived for a while with defendant's father and mother, but that did not prove satisfactory and the young couple established a home of their own.   It is apparent that "her folks and his folks" did not harmonize, and the same is true as to plaintiff and defendant's parents.   Much of the discord between the parties was aggravated if not induced by her parents.   On the other hand there seems to be some ground for their conduct.   The plaintiff at times drank some and enjoyed dances and parties that his wife did not relish, though she says he never abused her when he drank and that his lapses from sobriety were neither frequent nor excessive. They both testify to the fact that she frequently entreated him to be better, though it is not very clear just in what his failing consisted.   He says he promised to be better and she says that for periods he was better.   Her parents were Presbyterians and she was a Methodist.   It does not appear that he belonged to any church.   In March, 1918, she left him without cause, as the trial court found, and steadily refused to return to live with him though he urged her to do so and was able and willing to provide a suitable home for her. She had left him temporarily several times before but had gone back.   She says her love for her husband is entirely

gone and she cannot live with him again.  Such in outline are the salient facts out of which the divorce grew.  We sense a lack of knowledge of important facts that must have materially influenced the parties in their relations to each other, but we concur in the trial court's view that both are morally fit to have the custody of the children.

For about two years she had the care and custody of the youngest child, Eugene, living with him at the home of her parents in Duluth, which the evidence shows is a very moral and suitable home.  He has had a housekeeper and kept house in Superior and has had the two older boys with him. The evidence shows that he may have to resort to one of his two married sisters to aid him in caring for the boys he has had.  They are willing and fit to do so.  The situation is a perplexing one, rendered so by the unfortunate estrangement between the husband and wife.  In view of the situation thus briefly outlined we reach the conclusion that the trial court erred in taking the youngest child from the custody of the mother.  For a boy of such tender years nothing can be an adequate substitute for mother love—for that constant ministration required during the period of nurture that only a mother can give because in her alone is duty swallowed up in desire; in her alone is service expressed in terms of love.  She alone has the patience and sympathy required to mold and soothe the infant mind in its adjustment to its environment.  The difference between fatherhood and motherhood in this respect is fundamental and the law should recognize it unless offset by undesirable traits in the mother.  Here we have none so far as mother love is concerned.

The plaintiff owns a house worth about $1,600 on which there is a mortgage for $800.  The parties also had about $1,400 worth of furniture acquired by plaintiff before his marriage.  This was sold when defendant left him.  The title to this property was by the court confirmed in the plaintiff.  It seems defendant retained her piano and some per-

sonal belongings. She asks for a reversal of the judgment as to the division of the property and for a share thereof. It is true that even in a case where the wife is at fault this court has permitted her to share in the property. *Roder v. Roder,* 168 Wis. 283, 169 N. W. 307. In this case, however, we think the judgment as to division of property should stand because the support of two of the children is cast upon him while under our decision she has only one to support. Her earning power almost equals his, and she has a home with her parents which even if liberally paid for can be maintained at a much less expense than he can maintain a house. Her unjustified conduct has cast added expense upon him and she should bear a reasonable part of it by foregoing a share of the property which it seems he had before she married him.

*By the Court.*—The judgment is modified so as to award the custody of the son Eugene to the defendant and the custody of the other two children to the plaintiff, with reasonable provisions permitting either spouse to visit the child or children in the custody of the other, and as so modified is affirmed, with costs in this court to the defendant.