ACHESON, Appellant, vs. ACHESON, Respondent.

*September 10—October 8, 1940.*

612

The cause was submitted for the appellant on the brief of *Barnard & Mullen* of Oshkosh, and for the respondent on that of *O'Leary & Joyce* of Neenah.

MARTIN, J.   The trial court proceeded upon the right conception of the law, namely, that the result reached should subserve the best interests of the minor children.   *Welch v. Welch,* 33 Wis. 534; *Johnston v. Johnston,* 89 Wis. 416, 62 N. W. 181; *Markwell v. Pereles,* 95 Wis. 406, 69 N. W. 798.   The conclusion of the trial court should not be disturbed unless clearly wrong.   *Welch v. Welch, supra; Jenkins v. Jenkins,* 173 Wis. 592, 594, 181 N. W. 826.   In *Jensen v. Jensen,* 168 Wis. 502, 504, 170 N. W. 735, the court said:

"The welfare of the child is now the controlling consideration; and with regard to children of tender years, especially girls, preference will ordinarily be given to the mother, other things being equal and she not being unfit."

In *Jenkins v. Jenkins, supra,* the custody of three minor children (boys) was involved; the defendant wife without cause left plaintiff taking the youngest son, Eugene, with her.   The other two children remained with their father. The court granted the custody of all the children to the father, permitting the mother to visit them at reasonable times.   Defendant appealed from the judgment alleging that the court erred in granting the custody of Eugene to the father instead of to herself.   The trial court found that both the father and mother were morally fit and financially able to care for one or all of the children, but concluded

that it was for the best interests of the children that they should be brought up as one family and for that reason gave the custody of the three boys to their father, their ages being eight, five, and three years, respectively. After the parents' separation, the mother and son Eugene lived with the mother's parents in Duluth. The other two boys lived with their father in Superior where the father had a housekeeper and maintained a home. This court held that the trial court erred in taking the youngest child from the custody of the mother. At page 595 the court said:

"For a boy of such tender years nothing can be an adequate substitution for mother love—for that constant ministration required during the period of nurture that only a mother can give because in her alone is duty swallowed up in desire; in her alone is service expressed in terms of love. She alone has the patience and sympathy required to mold and soothe the infant mind in its adjustment to its environment. The difference between fatherhood and motherhood in this respect is fundamental and the law should recognize it unless offset by undesirable traits in the mother. Here we have none so far as mother love is concerned."

The uncontradicted testimony of several witnesses who have frequently visited at the Giebel home since appellant's marriage to Mr. Giebel is to the effect that all the children were neat and clean; that they all showed affection for Mrs. Giebel; and that she showed affection for them. It appears that the home is a large modern house equipped with electric lights, hot and cold running water, and a bathroom. The house has five bedrooms and the two children whose custody is in question had a bedroom by themselves. The home is located about a quarter of a mile from a country school.

For several years prior to the time that appellant was employed by Mr. Giebel as housekeeper, she and the children and respondent were getting aid from the city of Neenah. It further appears that at the time of the divorce and at the time of the hearing on the order to show cause

respondent had debts aggregating $1,000 in addition to the amount he owed for the support, maintenance, and education of the children. It is obvious that at the present time he is in poor financial circumstances. It appears that respondent's present wife, prior to her marriage to respondent and while respondent was still living with appellant, loaned the respondent the sum of $700. The respondent made no explanation as to his conviction on the charge of abandonment of his first wife and child. We think it should also be noted that the trial court declined to find that the father is a fit and proper person to have the custody of these children. Nevertheless their custody has been taken from the mother and given to the father on the ground that it is best from the standpoint of the welfare of the children.

It is apparent from the nature of respondent's employment and his hours of work that if the custody of these children is to remain with him, they will, generally speaking, be in the custody and care of the present Mrs. Acheson, a stranger in blood. However good her intentions, though they be the very best, they will not be an adequate substitute for a mother's love and care.

The court below said it felt that the two little girls would not receive the attention in the Giebel home that they would receive in the respondent's home because there are six other children living in the Giebel home. We do not regard this circumstance a sufficient cause for taking their custody from the mother and giving it to the father. The companionship of other children in the home may be desirable. All the testimony indicates a wholesome environment in the Giebel home.

After a careful consideration of the evidence and all the facts and surrounding circumstances, we conclude that the trial court erred in taking the custody of Audrey and Annette away from their mother and giving their custody to their father.

*By the Court.*—The order of October 14, 1939, and the whole thereof, is reversed. Cause remanded with directions to enter an order awarding the custody of the two minor children of the parties, Audrey and Annette, to their mother, with provision that the father may see and visit said children at such times and under such conditions as the trial court may deem proper; also with provision for the payment of such amount of money as the trial court may deem just and proper for the support and maintenance of said children. Appellant to have costs on this appeal.