Hansen, Respondent, vs. Hansen, Appellant.

*November 17—December 23, 1947.*

For the appellant there was a brief by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Charles F. Smith.*

For the respondent there was a brief by *Frank E. Hebert,* attorney, and *Robert G. Hebert* of counsel, both of Tomahawk, and oral argument by *Frank E. Hebert.*

Rector, J. The plaintiff and the defendant were divorced in May, 1940. There were four children, Robert, 16,

Roland, 10, Marguerite, 7, and Barbara Jean, 5, awarded to the mother by stipulation. The two boys subsequently went to live with their father. This application was by the father for custody of the two daughters.

The order from which the appeal is taken denied the appellant's application for change of custody and increased support-money payments from $40 per month to $100 per month. Of the support money allowed, $60 per month is to be paid by the clerk of the court directly to the mother as allowance for board and room, and $40 per month is to be spent by the mother under the direction of the child-welfare worker for that area. If at the end of one year of such supervision the child-welfare worker certifies that in her opinion the mother is competent to disburse the entire fund without waste, the order is to be modified by directing payment of the entire amount to the mother. In a memorandum opinion the court indicated that if during the year the child-welfare worker reported the home unsuitable, the matter would be set for further hearing.

It would serve no useful purpose to enter into a detailed review of the testimony. Neither the bench, the bar, the parties in this case, nor the children involved, would profit by such a narration. The welfare of the children is the controlling consideration. *Hellermann v. Hellermann* (1946), 249 Wis. 190, 23 N. W. (2d) 408. The action of the trial court in resolving that question should not be disturbed unless clearly wrong. *Acheson v. Acheson* (1940), 235 Wis. 610, 294 N. W. 6. Here we cannot say that any such error is shown. Preference should ordinarily be given to the mother in the custody of her young daughters if she is not unfit. *Acheson v. Acheson, supra.* The basic question here is whether the mother is unfit. The relevant testimony is in dispute. The two sons, both of whom left the mother to go with the father, testified that she is not fit. The two daughters testified that she is, and expressed a preference to remain with her. There is other testimony pro and con. On the whole

there is substantial testimony in support of the trial court's determination of the mother's fitness. The finding appears from the court's memorandum decision and must be accorded the weight of a formal finding of fact. It is not contrary to the clear preponderance of the evidence and should not be disturbed. *Estate of Nols* (1947), 251 Wis. 90, 28 N. W. (2d) 360.

There is no merit in the motion to review. Costs are discretionary. Sec. 271.07, Stats. The respondent has remarried since her divorce from appellant, and there need be no allowance of suit money under sec. 247.23 unless it be shown that the present husband is financially unable to assume the cost of her defense. *Elies v. Elies* (1941), 239 Wis. 60, 300 N. W. 493.

*By the Court.*—Order affirmed.