## WALL, Respondent, vs. WALL, Appellant.

*February 19—March 29, 1948.*

*Robert J. Krome,* attorney, and *John J. Devos* of counsel, both of Milwaukee, for the appellant.

*Michael Klein* of Milwaukee, for the respondent.

Fritz, J.  Upon the commencement by plaintiff, Waldemar Wall, in November, 1945, of an action for divorce from the defendant, Betty Wall, the temporary custody of their three-year-old daughter, Crystal, was awarded by the court to the plaintiff pursuant to a stipulation between the parties.  Defendant appeared in the divorce action by counsel, but she did not answer any of the grounds for divorce alleged in the complaint, which included charges of her indecent and immoral misconduct, and her moral unfitness to care for the daughter and her frequent neglect in that respect.  At the trial in March, 1946, pursuant to plaintiff's application for judgment by default in the action for divorce, Circuit Judge Wm. F. Shaughnessy presided and defendant appeared in person with her attorney.  Upon the evidence then introduced, including testimony by defendant and her father, there were clearly established plaintiff's alleged grounds for divorce, as found by the court, and also its findings of fact in relation to defendant's unfitness to have custody of the daughter, to wit :

That defendant was in the habit of keeping late hours without disclosing her whereabouts during such times; that particularly since the plaintiff entered the navy defendant has consorted improperly with many and various other men in public and private places, and has been guilty of immodest and improper actions while in the company of other men, and permitted such improper advances in the presence of others; that defendant's actions have been such as to tend to show her unfitness to care for the minor child of the parties, and she has neglected said child and left her under inadequate supervision;

that she has shown herself to be unfit to be entrusted with the care, custody, and control of the minor child; and that the department of conciliation has investigated the home plaintiff prepared for the child and found it to be fit and proper for the rearing of the child.

Consequently, in the judgment for divorce entered on March 15, 1946, the court awarded the custody of the child to plaintiff, who had returned from his service in the navy, and was living with the child in the home of his parents; but defendant was given the right of visitation with the child every alternate Saturday from 2 to 5 p. m. and every alternate Sunday from 11 a. m. to 7 p. m. In the conclusions of law, upon which the judgment was based, the court stated:

"That any application hereafter made by defendant to modify this judgment of divorce in any of its aspects shall have attached to the moving papers a complete transcript of all the testimony heard in this matter, and shall not be considered otherwise."

In accordance with the judgment plaintiff has had custody of the child, and lived with her in his parents' household; and defendant has enjoyed said right of visitation.

In September, 1947, defendant moved to have the court award custody of the child to her; and in an affidavit she stated that she married Walter J. Widuch on May 24, 1947, and they live in a five-room house with two bedrooms, located conveniently to school, church, etc., and he is willing to have the child live with them; that she is unable to have any additional children; and that plaintiff has failed to provide a proper home for the child. On the hearing of defendant's motion for the requested change of custody she testified, "At the time of the divorce my conduct was far from being proper. I realize I made a serious mistake and have mended my ways." And defendant's mother testified that during most of the time prior to the commencement of the divorce action she, the maternal

grandmother of the child, had cared for and attended to the child.

In Judge SHAUGHNESSY's decision denying the motion for the change of custody he stated:

"I see no escape from the conclusion that since this youngster has been in the care and custody of her father, the plaintiff, she has had better care than she has ever had in her life before, and that being so, how can this court or any court having the best interests of this child in mind accede to what is wishful thinking upon the part of the mother whose conduct made this proceeding necessary in the first instance, and required the court to interfere and intervene to protect the welfare of the child, now, a year and a half or two years later, when she feels that the time has come for her to take over the important work of raising this child."

These conclusions were warranted in view of the evidence in the entire record in this action. But defendant contends that in denying the requested change of custody the court erred in failing to apply the principle that when the dispute in relation to such custody is between the mother and the father, preference should be given to the mother if the child is one of tender years, and especially a daughter, and the mother is found to be a fit and proper person. In support of that contention defendant cites *Jenkins v. Jenkins,* 173 Wis. 592, 595, 181 N. W. 826; *Elies v. Elies,* 239 Wis. 60, 67, 300 N. W. 493; *Mayhew v. Mayhew,* 239 Wis. 489, 495, 1 N. W. (2d) 184; *Acheson v. Acheson,* 235 Wis. 610, 614, 294 N. W. 6. Those cases are not in point because in each of them the mother was found to be a fit and proper person to have such custody; but in the case at bar the court has expressly found after each of the hearings that defendant is morally unfit to have such custody. In the *Elies Case, supra,* the husband had, in his original answer and counterclaim to the wife's complaint, charged the wife with improper misconduct because of which he claimed she was unfit to have the custody of the daughter awarded to her. But he withdrew his answer and counter-

claim before the trial, and pursuant to a stipulation between the parties there was entered, on the wife's complaint, a judgment granting the divorce and awarding to her the custody of the daughter. In denying a subsequent motion by the husband to have that judgment set aside, and the stipulation declared void and his answer and counterclaim reinstated, the trial court stated in its decision that, "the main object of the motion is to change the custody of the child," and that the court was not satisfied from the testimony submitted, "that the judgment awarding the custody to the plaintiff should be changed." Thus, the court evidently then considered the mother to be a fit and proper person to have the custody of the daughter. On a later motion by the husband for the change of custody of the daughter, the trial court found and adjudged that the mother is an unfit person, but the father is a fit person to have such custody, and therefore the court ordered that he shall have custody of the daughter. However, on an appeal from that order that adjudication was reversed, and the finding that the mother was unfit to have such custody was set aside as contrary to the great weight and clear preponderance of the evidence. Consequently, it was because the mother was thus adjudged to be a fit and proper person to have custody of her daughter that the above-stated principle that the preference should be given to such mother was applicable in the *Elies Case, supra*. In the *Acheson Case, supra*, the trial court found the mother fit and proper to have such custody and there was no issue in respect to that finding.

However, that principle as to giving such preference to a mother when she is found to be fit and proper to have such custody was rightly considered not applicable herein by the trial court in view of proof which definitely established defendant's grossly immoral misconduct during plaintiff's absence while in military service, and her negligence in taking care of the child, and moral unfitness in that respect. Those facts, together with the proof which established that since plaintiff has

had the care and custody of the child she has had better care than she ever had in her life before, fully warranted the court's conclusion that it was not required "to interfere and intervene to protect the welfare of the child, now, a year and a half or two years later, when she [defendant] feels that the time has come for her to take over the important work of raising this child." Although defendant's present husband is providing her with a suitable home and is willing to have her have the custody of the daughter, it does not follow, in view of said misconduct and inexcusable failure of defendant to properly take care of the child heretofore that the court erred in finding and concluding that she was not fit and proper to have the court order presently the requested change of custody.

Defendant contends also that the court erred in taking into consideration former evidence as to her misconduct and unfitness preceding the trial which resulted in the judgment of divorce and the award of the custody of the child to plaintiff. In support of this contention defendant relies on the court's statements in *Elies v. Elies, supra,* that,—

"On the hearing of the instant motion the court received evidence and manifestly considered that the motion not only covered the matters next above referred to, but all that preceded the entry of the judgment and formed the basis of defendant's counterclaim. We are of opinion that receipt and consideration of these matters was improper, and the court was limited to consideration of the conduct of the plaintiff since the hearing of defendant's previous motion, and such facts, if any, as the plaintiff concealed from the court upon the previous hearings. . . . The matter of [plaintiff's] association with Dr. Harris having been previously litigated, the judge should have decided the instant application on what, and only what has occurred since denial of the application to vacate the judgment." (pp. 63, 65, 66.)

Those conclusions are not applicable in the case at bar because of material differences in the factual situations and procedure. In the *Elies* action there was a hearing which resulted in a judgment of divorce on the wife's complaint and an

adjudication awarding the custody of the child to her as a fit and proper parent; and thereafter there were several hearings and adjudications on separate motions in relation to the custody of the child. On the husband's first motion to have the first adjudication vacated, the court stated it was not satisfied from the testimony submitted that the award of the custody to the plaintiff should be changed. But on the hearing of a subsequent motion for a change of custody, etc., the court apparently permitted the husband to introduce testimony in relation to events which had preceded the adjudication awarding the custody of the child to the mother as a fit and proper person, and thereupon the court then found the mother unfit to have such custody and ordered the transfer thereof to the husband. However, on the mother's appeal, the trial court's determination in these respects was reversed on the ground that its rulings admitting evidence in relation to events which preceded the adjudication awarding such custody to the mother constituted reversible error for the reasons stated by this court in the above-quoted excerpts from the opinion in the *Elies Case*. Those reasons are not applicable, however, in this case because there has been no prior adjudication that the mother was a fit and proper person to have the custody of the child, which had become *res adjudicata* on that subject, and therefore constituted, on the subsequent application for a change of custody, a bar to the admission of the evidence as to events preceding said adjudication for the purpose of proving the contrary. As that was not the purpose or effect of the evidence in question herein as to events preceding the adjudication that defendant was unfit to have custody of the child, the consideration thereof by the court did not constitute error.

Consequently, the court's order denying defendant's motion must be affirmed. However, although there is in that order no provision expressly stating whether or when defendant may hereafter apply for a change of custody, the trial court said in its decision,—

"We have said the things that we have included in this decision this morning to prevent any recurrence of such a motion as this one addressed to the court again; and until there is a time that this home in which Crystal is living and in which she is to continue to live becomes unfit or improper or dangerous to her welfare, this mother need not come back into this court or any branch thereof and expect, merely because of her expressed wish, to have the court take the child from that home and impose those strains that the court recognizes must be imposed by such a change."

Whatever may have been the court's intention in making that statement, the defendant is not precluded thereby from resorting to or exercising her right as the mother of the child to institute or participate in any appropriate proceeding in any branch of the circuit court for a revision of the judgment in relation to the custody of the child or any other matter in respect to the child, which may be ordered by the court hereafter.

*By the Court.*—Order affirmed.