LEWIS, Respondent, vs. LEWIS, Appellant.

*April 15—May 11, 1948.*

578

For the appellant there was a brief by *Thorson, Seymour & Korf* of Elkhorn, and oral argument by *F. J. Korf.*

For the respondent there was a brief by *Langer & Cross* of Baraboo, and oral argument by *C. C. Cross.*

FAIRCHILD, J.   The appellant is asking a reversal of that portion of the judgment which awards to respondent the care and custody of the children of the parties.   These propositions are advanced: That the record in the earlier divorce action should not have been admitted in this case; that appellant is a fit and proper person to have the care, custody, and control of the children; that preference should be given to the mother in the matter of care and custody of minor children; and that the best interests of the children will not be served by leaving them in the care of respondent.

There was no error in giving consideration to the evidence adduced at the previous divorce trial.   Evidence of the mother's misconduct and unfitness, which was had in the previous trial, warranted granting the care and custody of the children to the father.   On the mother's application for change

of custody from the father to her, in this action, that former record was proper matter for scrutiny. The facts of this case are similar to those of *Wall v. Wall* (1948), *ante* p. 339, 31 N. W. (2d) 527, and the holding of that case is controlling here. If in the first proceeding between these parties there had been an adjudication that the mother was a fit and proper person to have the custody of the children, that adjudication would have been *res adjudicata* on that subject and a bar to the admission in these later proceedings of evidence as to events preceding the first adjudication. However, the rule applied in the *Wall Case* permits the record of the first proceeding being brought in in this action since there was no prior adjudication that the mother was a fit and proper person to have the custody.

The contention that the appellant is a fit and proper person to have the care, custody, and control of the children is not supported by the evidence. The testimony is, and the trial court found that the appellant's conduct due to her infatuation with one Hastings, beginning while her husband was with the armed forces and continuing after his return, showed so great a disregard of proprieties as to warrant placing the children in the care of respondent. Her misconduct was and is such as to bring the judgment entered below. Earnest efforts have been made to induce appellant to give up an improper, if not criminal, association, but all to no avail. Such a lack of willingness to give any consideration to conventionalities as is here displayed required the placing of the children in some other environment than that which appellant would create. It may be, as the trial court observed, she is weak, "apparently never appreciating the gravity of the situation," but her conduct creates a situation carrying improper influences of such a nature as to be contrary to the best interests of the children.

The proposition that preference should be given to the mother in the matter of the custody of children does not apply in a case like this where the mother has been found to be

unfit. *Wall v. Wall, supra.* The contention that the best interests of the children will not be served by leaving them in the care of respondent are so effectually overcome by the evidence that the result reached below must be sustained.

*By the Court.*—Judgment affirmed.