SULLIVAN, Appellant, vs. SULLIVAN, Respondent.

*September 15—October 11, 1949.*

*James D'Amato* and *Robert T. McGraw,* both of Waukesha, for the appellant.

*Austin J. Baird* of Waukesha, for the respondent.

BROADFOOT, J. The parties to this action were divorced and judgment of divorce was entered on December 11, 1946. The only child of the parties was a son who was about three and a half years of age at the time the divorce was granted. Custody of this minor child was awarded to the mother. On April 28, 1948, the judgment of divorce was modified and custody of the child was awarded to one Jane Hammel, who was not a relative of the parties. The order appealed from was entered February 3, 1949, following the application of the defendant that he be awarded custody of the child, and a hearing thereon.

The plaintiff has appealed from the order contending: (1) That there is no credible evidence to sustain a finding that the best interest and welfare of the minor child required a change of custody; (2) that there was not sufficient substantial change in the circumstances of the parties which render a modification of the divorce judgment necessary and proper; and (3) that the custody of the minor child being shown by

the record to be in one Jane Hammel, the readjudication of the unfitness of the plaintiff herein was not the proper basis for the modification of the judgment.

A hearing was held upon application, several witnesses were sworn, there was an opportunity for cross-examination which was freely exercised, and a record was made of the hearing. The requirements as stated in *Smith v. Smith*, 209 Wis. 605, 245 N. W. 644, were complied with. A careful review of the record reveals competent credible evidence to support the finding of the trial court.

There had been a substantial change in the circumstances of the defendant in that he had remarried. He has established and is maintaining a suitable home, he is steadily employed, and is able to provide a good home for his son.

In *Hansen v. Hansen*, 251 Wis. 574, 575, 30 N. W. (2d) 227, it was said:

"It would serve no useful purpose to enter into a detailed review of the testimony. Neither the bench, the bar, the parties in this case, nor the children involved, would profit by such a narration. The welfare of the children is the controlling consideration. *Hellermann v. Hellermann*, (1946), 249 Wis. 190, 23 N. W. (2d) 408. The action of the trial court in resolving that question should not be disturbed unless clearly wrong. *Acheson v. Acheson* (1940), 235 Wis. 610, 294 N. W. 6. Here we cannot say that any such error is shown."

The record is clear that Jane Hammel had taken good care of the minor child. It is not necessary for the defendant to show otherwise to justify a modification of the judgment. The sole question to be determined is whether or not the welfare of the child will be promoted by a change. The trial judge was acquainted with the parties, and from the record was justified in modifying the judgment as he did to provide that the father have the custody of his young son.

*By the Court.*—Order affirmed.