KING, Plaintiff, v. KING, Defendant.  [Two appeals.]

*October 27—November 24, 1964.*

For the plaintiff there were briefs by *Edward D. Cleveland*, attorney, and *Whyte, Hirschboeck, Minahan, Harding & Harland* of counsel, all of Milwaukee, and oral argument by *Mr. Cleveland.*

For the defendant there was a brief and oral argument by *John Wm. Calhoun* of Fond du Lac.

HALLOWS, J. Since custody of the children was granted upon the stipulation of the parties without testimony being taken on the issue and no finding of fitness was made, the court's determination is not *res judicata* nor does the rule of changed circumstances apply. If the doctrine of *res judicata* applied in full force in custody cases, evidence of conduct occurring prior to the time of the determination of custody would be excluded on a later hearing. However, the doctrine does not apply unless there has been a finding of fitness. *Lewis v. Lewis* (1948), 252 Wis. 576, 32 N. W. (2d) 227. Even when such a finding has been made, the doctrine of *res judicata* is not to be applied to custody matters with strictness because the rights of the child and of the public in the child's welfare should not be concluded by the nonaction of others. *Zillmer v. Zillmer* (1960), 8 Wis. (2d) 657, 100 N. W. (2d) 564, 101 N. W. (2d) 703;

*Bliffert v. Bliffert* (1961), 14 Wis. (2d) 316, 111 N. W. (2d) 188; *Miller v. Miller* (1962), 15 Wis. (2d) 583, 113 N. W. (2d) 403.

The doctrine, of course, has no application in the sense the determination of custody or of fitness or unfitness is final for all time. The continued custody of a child of divorced parents may always be considered by the court under sec. 247.25, Stats., which provides the court may from time to time upon the petition of either party revise and alter the judgment concerning the care, custody, maintenance, and education of any of the children as the circumstances of the parents and the benefit of the children shall require.

Because of this continuing jurisdiction in the court, the doctrine of changed circumstances developed judicially as a rule of expediency to discourage the repetitious litigation of a custody issue. 17A Am. Jur., Divorce and Separation, p. 30, sec. 838. It is based on the proposition the court, once having fully considered and determined the issue of custody on the circumstances then existing, ought not again consider it until there was such a substantial or material change in the circumstances of the parents or of the child as would require or justify in the interest of the child a modification of the previous determination. Thus custody is not changed on a rehearing of the same facts. This rule of giving a determination the effect of *res judicata* also applies to a determination of support money and alimony. *Miner v. Miner* (1960), 10 Wis. (2d) 438, 103 N. W. (2d) 4; *Chandler v. Chandler,* post, p. 587, 131 N. W. (2d) 336, decided this day. In the instant case the interest of the children required a full hearing which was not had at the time of the divorce apparently because of the reliance upon the stipulation. Relevant and important facts which might previously have been brought to the attention of the court by the parties were properly considered by the court.

The plaintiff contends the findings of the trial court are erroneous in several respects. The trial court found the plaintiff understood the stipulation granting custody to the defendant. The plaintiff's position, however, is that she was induced to sign the stipulation upon the understanding its effect as to custody would only be temporary because at that time she had no place to live and to take care of the children, and when she found a suitable place to live the judgment would be changed giving her custody. The trial court did not believe her and we cannot say the court was in error. But assuming the facts to be as the plaintiff understood them, such an agreement is subject to approval of the court. While parents may stipulate as to custody, the agreement should not be approved by the court unless it insures and promotes the best interest of the children. We do not approve of a trial court's granting custody on a stipulation without taking testimony calculated to ascertain what is best for the children or otherwise inquiring into the best interest of the children. A contract between the parents contemplating a divorce should be given serious consideration by the court as it normally expresses what may be best for the child; nevertheless it does not bind the court or preclude a modification of a decree based thereon. Nelson, Divorce and Annulment (2d ed., 1961 rev.), p. 268, ch. 15.21; *Miner v. Miner, supra*. Since a child of a broken home has rights which should be protected, the controlling question is not what the parties agreed to but what is in the best interest of the child.

The plaintiff contends that because the defendant is away from home a great deal because of his business the delegation of parental care to grandparents, baby-sitters and housekeepers results in depriving the children of that emotional security essential to their healthy development. A psychiatrist testified for the plaintiff that the younger child was

distressed and disturbed and that the child loved to stay close to his mother. The gist of this argument is that all things being equal and the mother not being unfit, small children should be with their mother. Undoubtedly this rule is laid down in *Jenkins v. Jenkins* (1921), 173 Wis. 592, 181 N. W. 826, and *Acheson v. Acheson* (1940), 235 Wis. 610, 294 N. W. 6. While it is true, maternal custody is generally considered to be in the best interest of young children, it is not an absolute rule but an important factor to be considered. *Greenlee v. Greenlee* (1964), 23 Wis. (2d) 669, 127 N. W. (2d) 737; *Bohn v. Bohn* (1962), 16 Wis. (2d) 258, 114 N. W. (2d) 423.

A specific finding of unfitness to have custody is not required as a prerequisite to an order denying custody. *Dodge v. Dodge* (1955), 268 Wis. 441, 67 N. W. (2d) 878. The trial court while not finding the plaintiff unfit did find the best interest of the children was served by having the custody in the defendant-father. In making this finding the court considered the defendant was well qualified and capable of making a satisfactory home for the children and had been doing so since the date of the divorce. The court considered the plaintiff emotionally immature, extravagant, and as evincing at least prior to the divorce no great concern over the care of the children. These conclusions are attacked by the plaintiff as not being sustained by the evidence. While the evidence is not very strong, we cannot say they were not at least reasonable inferences which the trial court might draw.

Running through defendant's brief and the trial court's opinion are allusions to the conduct of the plaintiff with a Mr. Ralph and it is intimated he was responsible for the divorce and the reason for the plaintiff's going to Washington. Whatever the facts are they are not very evident in the record and the plaintiff ought not to be penalized by the deprivation of custody on that score. Conduct of a party

as a basis for divorce is important on the custody issue only as it relates to fitness of such person to have custody of the children. In the plaintiff's favor it is no doubt true she now has an acceptable apartment in Shorewood in which to rear the children. She states she can care for the children and also earn sufficient credits in education at the University of Wisconsin in Milwaukee to supplement her Master's degree so she may be able to teach and support herself. However, the trial court's finding is to the effect that at the present time it is in the best interest of the children that they remain in the custody of their father. As we said in *Peterson v. Peterson* (1961), 13 Wis. (2d) 26, 108 N. W. (2d) 126, "No hard and fast formula has yet been devised for determining what factors will ultimately assure the future welfare of a child." In a close case such as this an appellate court ought not reverse the findings of a trial court unless it is completely satisfied the trial court has clearly abused its discretion and decided the matter against the great weight and clear preponderance of the evidence. *Hamachek v. Hamachek* (1955), 270 Wis. 194, 70 N. W. (2d) 595; *Bliffert v. Bliffert, supra.* Such is not this case. Other arguments of the plaintiff have been considered but need no comment.

The defendant argues that visitation of the plaintiff should be limited to an extended visit during the summer. The trial court did not agree. We think it would have been proper for an extended summer visit to have been provided in addition to the present biweekly visits. Nothing in the testimony indicates the plaintiff should not have such privilege or it would not have been in the best interest of the children. Our affirmance of the present order should not preclude the court upon application of the plaintiff from modifying this order with respect to summer visitation.

The defendant argues on his appeal the allowance for the plaintiff's attorney's fees, costs and expenses ordered by the trial court was erroneous because the plaintiff was financially

able to pay these costs. The cases [1] relied on are not in point; they hold in effect it is not an abuse of discretion for the trial court to deny counsel fees to a divorced wife who has remarried, in the absence of a showing her second husband was unable to pay for them. When a man marries a divorcee he assumes the cost of her future litigation. The plaintiff has not remarried and the court found her to be in debt. The awarding the attorney's fees and expenses in a custody matter is in the discretion of the court under sec. 247.23, Stats., and the power is based on the court's continuing jurisdiction to modify the decree under sec. 247.25. We find no abuse of discretion on the part of the trial court in requiring the attorney fees and expenses of the plaintiff to be paid by the defendant.

*By the Court.*—Orders affirmed.

---

[1] *Elies v. Elies* (1941), 239 Wis. 60, 300 N. W. 493; *Hansen v. Hansen* (1947), 251 Wis. 574, 30 N. W. (2d) 227; *Greenlee v. Greenlee* (1964), 23 Wis. (2d) 669, 127 N. W. (2d) 737.