FREYE, Respondent, v. FREYE, Appellant.

*No. 213. Argued October 4, 1972.—Decided October 31, 1972.*
(Also reported in 201 N. W. 2d 504.)

For the appellant there was a brief and oral argument by *Donald W. Kaatz* of Madison.

For the respondent there was a brief by *Alan H. Frank*, Legal Services Center of Dane County, Inc., and oral argument by *Robert O. Burr* of Madison.

HANLEY, J.   Two issues are raised on this appeal:

(1) Was the trial court of the opinion that it had to find the mother unfit before it could award custody to appellant; and

(2) Did the trial court abuse its discretion in allowing the custody of Dawn Marie to remain with her mother?

Appellant's first contention is that the trial court erred in placing upon him the improper burden of having to prove "unfitness" of the plaintiff as a condition precedent to his obtaining custody and that the court's

final disposition was made upon this basis rather than upon any overall consideration of what would be in the best interest of Dawn Marie.

A trial court need not necessarily find one parent unfit in order to award custody to the other parent on the ground that it would be in the best interest of the child to do so. This court in *Larson v. Larson* (1966), 30 Wis. 2d 291, 299, 140 N. W. 2d 230, stated that:

". . . A court should not necessarily feel impelled to make a finding of unfitness on the part of the mother when it has determined that the best interests of the child demand its custody be placed in the father. . . ."

In Wisconsin any ". . . would-be custodian must establish not only fitness and ability to provide adequate care but also that his or her being awarded custody would be in the best interests of the child. . . ." *Dees v. Dees* (1969), 41 Wis. 2d 435, 440, 164 N. W. 2d 282.

Despite the fact that a determination of custody or of fitness is never irrevocably final, once a full inquiry has been made into these considerations, the court ". . . ought not again consider it until there was such a substantial or material change in the circumstances of the parents or of the child as would require or justify in the interest of the child a modification of the previous determination. . . ." *King v. King* (1964), 25 Wis. 2d 550, 554, 131 N. W. 2d 357.

Although the custody of a child will not be changed on a rehearing of essentially the same set of facts, where the original award of custody was based upon a stipulation, and without a full-scale inquiry into what was in the best interest of the child, it is error for a court to apply the "change-of-circumstances" test, rather than examining all relevant considerations bearing on custody anew. *King v. King, supra; Gochenaur v. Gochenaur* (1969), 45 Wis. 2d 8, 172 N. W. 2d 6.

Apart from the stipulation entered into by the parties at the time of divorce in 1967, and the finding by the

court at that time that plaintiff was fit to have custody —a finding which would appear from the record to be based upon the stipulation itself, rather than upon any full-scale inquiry into the issue of the best interest of the children—the hearing on the order to show cause is the first real attempt to examine what is in the best interest of the children. This being the case, the plaintiff mother had an equal burden of showing that it was in the best interest of Dawn Marie to remain in her custody.

Although here the trial court recognized the "best-interest-of-the-children test," it is evident from certain statements made at the hearing on the order, it incorrectly concluded that although there had been no prior hearing as to the best interest of the children, the defendant husband had the burden of showing a change since the entry of the divorce judgment. The trial court stated:

". . . the natural mother is a fit and proper person to have such care, custody and control. The same findings that were entered at time of divorce and I find no reason to change that, . . ."

Prior to this finding, the court had stated:

". . . We don't change custody of a child unless we got good reason to. I haven't heard much about how the child is being treated yet. We don't jerk the child from the mother unless there's good reason."

In referring to a report by the Dane county department of social services, the court stated:

". . . I think it's a nice collection of information for me but the burden of proof it seems to me to take a daughter away from a child—from a mother, where there is no showing of her neglect, on the basis that she's —in the words of counsel—living in sin, this record falls short of me being allowed to do that."

From the language of the court quoted above, it is clear the trial court improperly applied the "change-of-circumstances test." We, therefore, remand the cause for further proceedings and direct the trial court to consider the custody issue in terms of the present circumstances.

Since the cause is remanded for further proceedings, we do not reach the remaining issue of whether or not the trial court abused its discretion in allowing the custody of Dawn Marie to remain with her mother.

*By the Court.*—Order reversed and cause remanded for further proceedings consistent with this opinion.