DELCHAMBRE, Plaintiff-Appellant, v. DELCHAMBRE, Defendant-Respondent.

Supreme Court

*No. 76–291. Argued November 27, 1978.—Decided January 9, 1979.*
(Also reported in 273 N.W.2d 301.)

For the appellant there was a brief and oral argument by *C. J. Stodola* of Green Bay.

For the respondent there was a brief by *James C. Pankratz* and oral argument by *Chester C. Stauffacher* both of Sturgeon Bay.

SHIRLEY S. ABRAHAMSON, J. After hearings relating to child custody, Judge Henry G. Gergen granted Donald Delchambre a divorce, found both parents fit to have custody of their son Bret (born December 27, 1970) and awarded custody of Bret to Dawn Delchambre. The court's findings of fact, conclusions of law and judgment were entered on December 12, 1975, *nunc pro tunc* July 19, 1975.

In a motion filed January 19, 1976, Donald sought to change the custody of Bret from Dawn to himself. Hearings on this motion were held in Door County Court before Judge Edwin C. Stephan. The trial court found Dawn unfit to have custody of Bret and transferred custody to Donald. Dawn appeals from the order granting custody to Donald. We vacate the order.

On appeal Dawn contends that the trial court failed to apply the "substantial change of circumstances" test in ruling on Donald's motion for change of custody and that the facts in the record are inadequate to support a finding of a substantial change of circumstances. This court has repeatedly stated that although a determination of custody or of fitness is not final, once a full inquiry has been made into the issue of custody, the court ". . . ought not again consider it until there was such a substantial or material change in the circumstances of the parents or of the child as would require or justify in the interest of the child a modification of the previous determination." *King v. King,* 25 Wis.2d 550, 554, 131 N.W.2d 357 (1964). *See also Freye v. Freye,* 56 Wis.2d 193, 196, 201 N.W.2d 504 (1972).[1]

---

[1] Sec. 247.32, Stats., Ch. 105, L. 1977, sec. 38, in part provides: ". . . Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 247.24(1m)."

This language took effect on February 1, 1977, and "applies to all actions affecting marriage, and to all actions for modification or

The doctrine of changed circumstances developed as a means to discourage repetitious litigation of a custody issue and to protect the children by preventing their being made pawns in a contest between the parents.

The inquiry underlying the original custody award to Dawn included a report and recommendation of a guardian *ad litem,* a custody report by a social worker, and a hearing before Judge Gergen at which both Dawn and Donald testified. We conclude that the custody award to Dawn was based upon a full inquiry into Bret's best interest. Indeed Donald does not claim otherwise. Therefore the trial court should have applied the substantial change of circumstances test in ruling on Donald's motion to change custody. The trial court did not do so. The trial court transferred custody to Donald because Dawn's misconduct "had persisted."[2]

---

enforcement of previously entered orders in actions affecting marriage, which are commenced on or after" that date. Ch. 105, L. 1977, sec. 62.

[2] In its written decision, relying upon *Wendland v. Wendland,* 29 Wis.2d 145, 154, 155, 138 N.W.2d 185 (1965), the court reasons:

"It is true that the trial Judge found misconduct on the part of the plaintiff with the same man as this Judge has found, that the trial Judge has found perjury by the plaintiff, just as this Court has found. I find the plaintiff's counsel's argument that the situation has not changed and therefore, this Court is bound by the previous Judge's finding to be astounding. One of the guidelines set down in *Wendland* is that the mother's misconduct has not persisted. This is not the case here. Her conduct has persisted, with the same man, and in the same Court."

The trial court's reliance on *Wendland* is misplaced. In *Wendland* the father appealed from an initial award of custody to the mother under the supervision of the Department of Domestic Conciliation. In the instant case the father moved for a change of custody after an initial award of custody to the mother without supervision. We did not suggest the guideline of "persistence" in *Wendland* as a means to determine whether the substantial change of circumstances test applies to a motion to change custody.

We are obligated however to uphold the trial court's order if we can conclude that there are facts of record which support a finding of a substantial change of circumstances which would justify a custody change based on the best interests of the child. *Maier Const. Inc. v. Ryan,* 81 Wis.2d 463, 473, 260 N.W.2d 700 (1977). In the instant case after reviewing the record we conclude that the trial court's order cannot be affirmed. The facts presented at the hearing on the motion were substantially the same set of facts presented at the divorce trial.[3] No evidence was produced showing that the mother's conduct had an adverse effect on the child or that the child's best interests would be promoted by the change of custody. *Goembel v. Goembel,* 60 Wis.2d 130, 139, 142, 208 N.W.2d 416 (1973).

Because the record in the present case fails to show a substantial change with regard to the welfare of the child, we vacate the trial court's order transferring custody of Bret to his father.

*By the Court.*—Order vacated.

---

[3] The attorney who served as guardian *ad litem* in both the divorce proceedings and in the change of custody proceedings reported that the situation had not changed between the two proceedings.