Dennis W. CORCORAN, Petitioner-Appellant,

v.

Carol J. CORCORAN, Respondent.

Court of Appeals

*No. 81–1817. Submitted on briefs April 15, 1982.—Decided September 10, 1982.*
(Also reported in 324 N.W.2d 901.)

For the petitioner-appellant the cause was submitted on the briefs of *Patrick K. McDonald* and *Sedor & McDonald, S.C.* of Janesville.

For the respondent the cause was submitted on the brief of *Tod O. Daniel* of Janesville.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

DYKMAN, J.   Dennis Corcoran appeals from the trial court's order denying his motion to transfer custody of his child to him. We hold that the trial court did not abuse its discretion in denying the motion and affirm.

Dennis and Carol Corcoran were divorced on December 17, 1979. They stipulated that Carol would have custody of their four children. The findings of fact recite that both parties are fit and proper persons to have custody and that it is in the best interests of the children that Carol have custody. The judgment granted custody to Carol.

On June 2, 1980, Dennis moved for transfer of custody to him. The Rock and Walworth County Departments of

Social Services did home studies and recommended that Carol retain custody. A guardian ad litem appointed to represent the children recommended that Carol retain custody. The recommendations were filed with the court. Dennis withdrew his motion.

On April 16, 1981, Dennis moved that custody of one child be transferred to him. A hearing was held June 22, 1981. Dennis presented evidence that the child wanted to live with him and that the child's living conditions were not ideal. The guardian ad litem filed a second recommendation with the court, this time advising that custody of the child be transferred to Dennis. At the close of Dennis' case, the trial court denied his motion because Dennis had not produced substantial evidence that it was necessary to the child's best interests that custody be changed.

Section 767.32 (2), Stats., governs motions for changes of child custody. It provides in relevant part:

Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 767.24 (2).

Prior to enactment of the Divorce Reform Act in 1977, the predecessor to sec. 767.32 (2), Stats., sec. 247.24 (2), Stats. (1975), provided in relevant part: "Whenever the welfare of any such child will be promoted thereby, the court granting such judgment shall always have the power to change the care and custody of any such child, either by giving it to or taking it from such parent, relative or agency . . . ." The supreme court qualified this provision with the rule that once a full inquiry had been made into the relative fitness of the parents and the best interest of the child, the court " 'ought not again consider it until there was such a substantial or material change in the circumstances of the parents or of the child

as would require or justify in the interest of the child a modification of the previous determination . . . .' " *Freye v. Freye,* 56 Wis. 2d 193, 196, 201 N.W.2d 504, 506 (1972) (citation omitted). The court required that the change of circumstances must have an adverse effect on the child before custody would be changed. *Goembel v. Goembel,* 60 Wis. 2d 130, 140, 208 N.W.2d 416, 421 (1973). The burden of proof was on the party seeking the change. *Marotz v. Marotz,* 80 Wis. 2d 477, 485, 259 N.W.2d 524, 529 (1977). The doctrine of changed circumstances was described in *Delchambre v. Delchambre,* 86 Wis. 2d 538, 540, 273 N.W.2d 301, 303 (1979), as "a means to discourage repetitious litigation of a custody issue and to protect the children by preventing their being made pawns in a contest between the parents."

Before enactment of the Divorce Reform Act, when custody had been awarded by stipulation with no judicial inquiry into the fitness of the parents or the best interest of the child, the procedure on a motion for a change of custody was to hold a full-scale custody hearing and evaluate both parents to determine in whose custody the child's best interests would be promoted. *Marotz,* 80 Wis. 2d at 483–84, 259 N.W.2d at 528. Both parties had "an equal burden of proving that the best interests of the child will be promoted by granting custody to them." *Id.* at 485, 259 N.W.2d at 529.

When the Divorce Reform Act was passed, sec. 247.24 (2), Stats. (1975), was amended to include the following language: "Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 247.24(1m)."[1] Sec. 38, ch. 105, Laws of 1977.

---

[1] Section 247.24(1m), Stats. (1975), was renumbered as sec. 767.24(2). Sec. 50, ch. 32, Laws of 1979; sec. 25, ch. 196, Laws

This provision was made applicable to all actions affecting marriage, and all actions for modification and enforcement of previous orders in actions affecting marriage, which were commenced on or after February 1, 1978. Sec. 62, ch. 105, Laws of 1977.

It is unclear from sec. 767.32(2), Stats., whether the legislature meant to adopt the rules regarding change of custody discussed above or to replace them with another standard. When a statute is capable of being understood in two or more different senses by reasonably well-informed individuals, the statute is ambiguous. *State v. Derenne,* 102 Wis. 2d 38, 45, 306 N.W.2d 12, 15 (1981). We may review matters outside the statutory language in order to determine the meaning of an ambiguous statute. *State v. Kenyon,* 85 Wis. 2d 36, 49, 270 N.W.2d 160, 166 (1978).

The legislative history of the amendment to sec. 247.24 (2), Stats. (1975), reveals the following:

Section 37 of 1975 A.B. 995 proposed to add the following language to sec. 247.24(2), Stats. (1973):

Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a showing that such removal is essential to the child's best interest. The court shall presume that nondisruption of the child's home life is in the child's best interest unless compelling countervailing factors are present.

Section 35 of Assembly Substitute Amendment 1 to 1975 A.B. 995 proposed the following language instead:

Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a showing that such removal is

of 1979. The cross-reference to sec. 247.24(1m) in sec. 247.24(2), Stats. (1975), was changed to sec. 767.24(2). Sec. 92, ch. 32, Laws of 1979; sec. 146, ch. 314, Laws of 1981.

essential to the child's best interest. The court shall presume that it is in the child's best interest to maintain the child in the current custodial placement unless evidence of changed circumstances supporting a change of custody under sub. (1) (a) is presented.

A Wisconsin Legislative Council Staff Memorandum written by Ron Sklansky, Staff Attorney, to Representative Munts, dated May 3, 1976, states at page 9 that Substitute Amendment 1 to 1975 A.B. 995 "establishes a presumption that custody orders not be changed without evidence of changed circumstances."

1975 A.B. 995 was not passed by the legislature. Section 36 of 1977 A.B. 100 proposed the following amendment to sec. 247.24(2), Stats. (1975):

Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a showing that such removal is essential to the child's best interest. The court shall presume that it is in the child's best interest to maintain the child in the current custodial placement unless substantial evidence supporting a change of custody under s. 247.24(1m) (a) is presented.

Section 38 of Assembly Substitute Amendment 1 to 1977 A.B. 100 proposed the following language instead:

Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 247.24(1m).

This amendment was enacted. A memorandum from the Wisconsin Legislative Council Staff entitled *The Divorce Reform Act* (Information Memorandum 78-9, revised June 22, 1978), states at page 7:

The Divorce Reform Act also retains the prior law giving the divorce court continuing power to *change its*

*custody orders* when the welfare of the child would thereby be promoted. However, the new law forbids removing a child from the custody of its parent unless the court finds that such removal is *necessary* to the child's best interest as shown by substantial evidence. [Emphasis in original.]

Thus, during the time the legislature was deliberating on the amendment to sec. 247.24(2), it considered and eliminated an express presumption as to the child's best interest; it lowered the standard for determining whether custody should be changed from "essential" to "necessary" to the child's best interest; and it moved from requiring "compelling countervailing factors" before a change of custody would be allowed, to merely requiring "evidence of changed circumstances" supporting the change, to requiring "substantial evidence" supporting the change. The legislature thus apparently intended to preserve the principle enunciated in *Delchambre, supra,* that changes of child custody were not to be made lightly, although it did not reach a quick agreement on how strongly the provision should be worded.

There is no indication on the face of the statute or in the legislative history that stipulated custody awards are to be treated differently from custody awards made after litigation. Section 767.32(2), Stats., refers to "[*a*]*ny* modification of a custody order." [Emphasis supplied.] The amendment to sec. 247.24(2), Stats. (1975), was made applicable to all actions for modification of previous orders in actions affecting marriage commenced after February 1, 1978. Sec. 62, ch. 105, Laws of 1977.

The standard of proof under sec. 767.32(2), Stats., is that the change of custody be necessary to the child's best interest. The burden of proof is on the moving party to show that "removal is necessary." The factors

relevant to whether a change is necessary are those listed in sec. 767.24(2). "Substantial evidence" is required to warrant a change of custody. "Substantial" is defined in *Webster's Third New International Dictionary* (1976) as "considerable in amount, value or worth."

A party moving for a change of custody after custody was previously awarded by stipulation thus has a heavier burden under sec. 767.32(2), Stats., than he or she would have had under *Marotz, supra.* The trial court considers the factors listed under sec. 767.24(2), but does not conduct the type of hearing previously required by *Marotz,* in which each party had an equal burden, and does not determine the best interest of the child de novo. Instead, it determines whether the noncustodial parent has presented substantial evidence showing that a change of custody is necessary to the child's best interest.

In the present case, the trial court applied sec. 767.32 (2), Stats., and determined that Dennis produced insufficient evidence to justify a change of custody. The trial court held that it was unable to find, on the basis of the evidence before it, that it was necessary to Christine's best interest that her custody be transferred to Dennis.

The decision of the trial court in custody matters is given great weight upon review and will be upset only if it is against the great weight and clear preponderance of the evidence, or represents a clear abuse of discretion, or is based on an erroneous rule of law. *Allen v. Allen,* 78 Wis. 2d 263, 271, 254 N.W.2d 244, 249 (1977). The supreme court explained this rule in *Larson v. Larson,* 30 Wis. 2d 291, 296, 140 N.W.2d 230, 233 (1966) (citations omitted):

"[T]he matter of the custody of children in divorce actions is a matter peculiarly within the jurisdiction of the

trial court, who has seen the parties, had an opportunity to observe their conduct, and is in much better position to determine where the best interests of the child lie than is an appellate court."

Dennis argues that the trial court failed to give adequate weight to the evidence he presented and to the recommendation of the guardian ad litem. "The credibility of witnesses and the weight of the testimony is best determined by the trial court." *Larson,* 30 Wis. 2d at 300, 140 N.W.2d at 235. The trial court did not abuse its discretion in denying Dennis' motion for a change of custody.

*By the Court.*—Order affirmed.