E.S., a minor, by D.S., her parent and natural guardian, and D.S., Plaintiffs-Appellants,

v.

Sue SEITZ, Ph.D., Defendant-Respondent.

Court of Appeals

*No. 86–0720. Submitted on briefs April 10, 1987.—Decided August 27, 1987.*
(Also reported in 413 N.W.2d 670.)

For the plaintiffs-appellants there were briefs by *Joseph F. Owens* and *Mark J. Steichen* and *Murphy & Desmond, S.C.,* of Madison.

For the defendant-respondent there were briefs by *Stephen P. Juech* and *Frisch, Dudek and Slattery, Ltd.,* of Milwaukee.

Before Gartzke, P.J., Dykman and Sundby, JJ.

DYKMAN, J. E.S., a minor, and D.S., her father, appeal from an order for summary judgment dismissing their claims against Dr. Sue Seitz, a psychologist,

for damages caused by her alleged negligence in formulating and reporting a professional opinion to the Dane County Department of Social Services (DCDSS) that D.S. had sexually abused his three-year-old daughter, E.S.

The issue is whether Seitz is immune from suit under one of the following theories: because of sec. 48.981(4), Stats.,[1] because Seitz acted as a quasi-judicial officer, because Seitz is entitled to witness immunity, and because the plaintiffs' claims are barred by the applicable statute of limitations. Because we determine that Seitz is immune from suit under sec. 48.981(4),[2] we affirm. We need not address the other claims of immunity.

Seitz moved for summary judgment dismissing the complaint. We employ the same summary judgment methodology as the trial court. *State Bank of La Crosse v. Elsen,* 128 Wis. 2d 508, 511, 383 N.W.2d 916, 917 (Ct. App. 1986). We need not repeat that methodology here. The plaintiffs' complaint states a claim for relief and Seitz' answer joins the issues of negligence and liability.

In her affidavit, Seitz claims that she is a board certified psychologist, licensed by the state of Wisconsin, who reported suspected child abuse discovered in the course of her professional duties as required by

---

[1]All references are to Sec. 48.981, Stats. (1981–82), in effect when Seitz reported to DCDSS, unless otherwise noted.

[2]Section 48.981(4), Stats., provides in pertinent part:

> Any person or institution participating in good faith in the making of a report ... shall have immunity from any liability, civil or criminal, that results by reason of the action. For the purpose of any proceeding, civil or criminal, the good faith of any person reporting under this section shall be presumed.

sec. 48.981, Stats. She claims that she is therefore entitled to immunity under sec. 48.981(4). The affidavit of Seitz' attorney refers to Seitz' requests for admissions and the plaintiffs' responses. The plaintiffs admit that Seitz examined E.S. in the course of her professional duties as a mental health care professional. If Seitz is correct in her analysis of sec. 48.981(4), she makes a *prima facie* case for summary judgment by showing a defense which would defeat the plaintiffs' claim. *Grams v. Boss,* 97 Wis. 2d 332, 338, 294 N.W.2d 473, 477 (1980).

Seitz claims she made her report to Kevin Thorton, a social worker at DCDSS, in compliance with the report requirements of sec. 48.981(2), Stats., which reads in pertinent part:

> A ... mental health professional ... having reasonable cause to suspect that a child seen in the course of professional duties has been abused or neglected shall report as provided in sub. (3).

Section 48.981(3)(a), Stats., provides in pertinent part:

> Persons required to report under sub. (2) shall immediately contact, by telephone or personally, the county agency ... and shall inform the agency ... of the facts and circumstances contributing to a suspicion of child abuse ....

After examining E.S., Seitz reported her opinions to DCDSS in compliance with sec. 48.981(2), Stats. We are to presume the good faith of Seitz in making her report. Sec. 48.981(4).

The plaintiffs make three arguments challenging the applicability of sec. 48.981(4), Stats., immunity to Seitz. The first argument is that immunity is given

only to the person who makes the "initial" report. The second argument is that Seitz was not a mental health care professional within the meaning of sec. 48.981(2)[3] when she examined E.S. The third argument is that Seitz' treatment of E.S. was "tantamount to child abuse or neglect" to which the immunity provided under sec. 48.981(4) does not apply.

Questions of statutory interpretation are questions of law, which we review *de novo*. *In Interest of J.V.R.*, 127 Wis. 2d 192, 199, 378 N.W.2d 266, 269 (1985). If a statute's meaning is clear and unambiguous on its face, we need go no further. *Id.* "A statute is ambiguous if it can be understood in either of two or more senses by reasonably well-informed people." *Id.* at 200, 378 N.W.2d at 269.

We reject all of the plaintiffs' arguments. Section 48.981(3), Stats., refers to "initial" reports, "prelimi-

---

[3]In "Defendant's First Set of Requests For Admission of Facts to Plaintiff," Seitz has the following statements:

16. Dr. Sue Seitz is a "mental health care professional" within the meaning of section 48.981(2), Stats.
17. Dr. Sue Seitz examined [E.S.] in the course of her professional duties as a mental health care professional.

In "Plaintiff's Response to Defendant's First Set of Requests for Admission of Facts to Plaintiffs," the plaintiffs responded as follows:

16. The allegations in request 16 are denied.
17. The allegations in request 17 are admitted.

There is no discussion in the plaintiffs' briefs as to why "mental health professional" as used in the statute differs from "mental health care professional" as used in request No. 17. We see no difference.

nary investigative" reports, and "investigative" reports. Section 48.981(4) provides immunity for "[a]ny person ... participating in good faith in the making of a report ... under this section ...." Section 48.981(4) is unambiguous insofar as it makes no differentiation between types of reports.

Regarding the plaintiffs' second argument, we determine that if Seitz was a "mental health care professional" when Seitz examined E.S., as the plaintiffs admit, then Seitz was a "mental health professional" within the meaning of sec. 48.981(2), Stats. If the plaintiffs see a distinction here, they do not explain it and we perceive none. We conclude there is no distinction.

As for the plaintiffs' third argument, we conclude that Seitz' treatment of E.S. was not child abuse or neglect as defined by sec. 48.981(1)(a) and (d), Stats. The plaintiffs assert that "abuse" includes the infliction of emotional damage. While this is so under the current statute, the plaintiffs' argument is not based on the version of sec. 48.981(1)(a)[4] in effect when this case arose. Therefore this argument fails.

We conclude that Seitz has established a *prima facie* defense, immunity under sec. 48.981(4), Stats.

---

[4]Section 48.98(1)(a), Stats., (1983–84), provides in pertinent part:

"Abuse" means any of the following:

. . . .

5. Emotional damage.

Section 48.98(1)(a), Stats., (1981–82), does not include "emotional damage" in its definition of "abuse."

We turn to the material the plaintiffs have submitted in opposition to the motion.

The plaintiffs filed no affidavits in opposition to summary judgment. However, they submitted two documents. One is an excerpt from a deposition in another case and the other is a letter from a social worker, Kevin Thorton, to a Dr. Bliss. These documents are not identified or authenticated by affidavit, and neither document is of record in this case. Sec. 802.08(3), Stats., provides in pertinent part:

> [O]pposing affidavits shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence. Copies of all papers or parts thereof referred to in an affidavit shall be attached thereto and served therewith, if not already of record.

Because these documents are not authenticated, they are nonevidentiary and we must ignore them.[5] The plaintiffs have not shown the existence of an issue of material fact and they have not rebutted Seitz' *prima facie* defense. The trial court properly granted Seitz' motion for summary judgment.

*By the Court.*—Order affirmed.

---

[5]*See Commerce Ins. Co. v. Merrill Gas Co.,* 271 Wis. 159, 168–69, 72 N.W.2d 771, 775–76 (1955) (parties must attach depositions to affidavit if not part of record).