IN RE the MARRIAGE OF: Janet Iona
(BEECHER) LUHMAN, Petitioner-Respondent,

v.

Robert Francis BEECHER, Appellant.

Court of Appeals

*No. 87–0723. Submitted on briefs January 20, 1988.—Decided
April 28, 1988.*

(Also reported in 424 N.W.2d 753.)

For the appellant the cause was submitted on the briefs of *Michael J. Collins* and *Hugh R. Jones* and *Beatty & Krekeler, S.C.,* of Madison.

For the petitioner-respondent the cause was submitted on the brief of *Linda. Roberson* and *Daniel J. Waite* and *Stolper, Koritzinsky, Brewster & Neider, S.C.,* of Madison.

Before Dykman, Eich and Sundby, JJ.

DYKMAN, J.  This is an appeal from an order denying Robert Beecher's motion to vacate an order modifying the custody provisions of a divorce judgment. The issue is whether a stipulated order modifying custody must be vacated because the trial court conducted no evidentiary hearing and made no findings. We conclude that the parties' stipulation as to

their children's custody is sufficient to support the trial court's order. We therefore affirm.

Robert and Janet were divorced in 1975 in Grant county. Their stipulation and the divorce judgment provided that Robert have custody of their minor children. Upon the parties' agreement, the children moved to Janet's home in November 1985. In June 1986, the parties signed a stipulated order transferring the children's custody to Janet. The Grant county family court signed and entered the order, but did not hold an evidentiary hearing or make findings before doing so.

In October 1986, Janet petitioned the Dane county family court for an order requiring Robert to pay child support. In December 1986, Robert filed a motion to vacate the June 1986 order with the Grant county family court. The Grant county family court denied Robert's motion, and he appeals.

Robert contends that sec. 767.32(2), Stats., requires the family court to conduct an evidentiary hearing after the parties to a divorce judgment have stipulated to a change in their children's custody. He argues that the court must make findings, supported by record evidence, that the custody change is necessary to the children's best interest. He also asserts that evidence of the factors found in sec. 767.24(2) must be taken at the evidentiary hearing, and that the family court must make findings as to those factors.

Section 767.24(2), Stats., provides:

> In making a custody determination, the court shall consider all facts in the best interest of the child and shall not prefer one potential custodian over the other on the basis of the sex of the custodian. The court shall consider reports of appropriate professionals where admitted into evi-

dence when custody is contested. The court shall consider the following factors in making its determination:

(a) The wishes of the child's parent or parents as to custody;

(am) The wishes of the child as to his or her custody;

(b) The interaction and interrelationship of the child with his or her parent or parents, siblings, and any other person who may significantly affect the child's best interest;

(c) The child's adjustment to the home, school, religion and community;

(d) The mental and physical health of the parties, the minor children and other persons living in a proposed custodial household;

(e) The availability of public or private child care services; and

(f) Such other factors as the court may in each individual case determine to be relevant.

Section 767.32(2), Stats., provides in relevant part:

Whenever the welfare of any such child will be promoted thereby, the court granting such judgment shall always have the power to change the care and custody of any such child, either by giving it to or taking it from any parent, relative or agency. ... Any modification of a custody order which removes a child from the care of a parent having custody of the child shall be based on a finding that such removal is necessary to the child's best interest as shown by substantial evidence supporting a change in custody under s. 767.24(2).

█ Whether the trial court was required to hold an evidentiary hearing and make findings of fact and

conclusions of law requires us to construe secs. 767.24(2) and 767.32(2), Stats. We do so *de novo. E.S. v. Seitz,* 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987).

■

Robert's contention that the last sentence of sec. 767.32(2), Stats., required the court to find that the removal of Robert's children from his custody was necessary to their best interest was addressed in *Marriage of Tieberg v. Ehlke,* 137 Wis. 2d 228, 404 N.W.2d 84 (Ct. App. 1987). We concluded that a child is not "remove[d] from the care of a parent having custody" within the meaning of sec. 767.32(2) if the child is residing with the parent seeking the child's custody. *Id.* at 234, 404 N.W.2d at 86. Because Robert and Janet's children were residing with Janet when the court entered its stipulated order, the last sentence of sec. 767.32(2) did not apply to that order.

■

The holding in *Tieberg* also necessarily rejects Robert's contention that the family court must make findings, supported by record evidence, that the factors in sec. 767.24(2) support a custody change. Though sec. 767.32(2) requires consideration of the sec. 767.24(2) factors, *Tieberg* holds that the predicate for consideration of those factors is a determination that the minor children are residing with the parent from whom the change in custody is sought. *Id.* Since that predicate is absent here, the family court was not required to consider the sec. 767.24(2) factors.[1]

Nor do we believe that *King v. King,* 25 Wis. 2d 550, 131 N.W.2d 357 (1964), *Weichman v. Weichman,*

---

[1]We do not consider whether the parties' stipulation would have been sufficient to transfer custody had the children been residing with Robert when the stipulated order was entered.

50 Wis. 2d 731, 184 N.W.2d 882 (1971) and *Schmitz v. Schmitz,* 70 Wis. 2d 882, 236 N.W.2d 657 (1975) require a judicial investigation and evidentiary hearing in stipulated divorce cases involving families with children. *King* did not consider whether such investigation and hearing was necessary in an uncontested divorce case, and the portion of the opinion relied upon by the dissent in this case simply provided support for the court's conclusion that a stipulation does not bind the trial court or preclude modification of a judgment based on the stipulation. *King,* 25 Wis. 2d at 555, 131 N.W.2d at 360. *Weichman* is equally inapposite. The court there held that if visitation is a contested issue the trial court must take evidence on that issue. *Weichman,* 50 Wis. 2d at 737, 184 N.W.2d at 885. It, too, has no bearing on an uncontested case. *Schmitz* is not a custody case.

Section 767.10, Stats., which requires court approval of parties' stipulations, does not suggest that whenever custody is involved in a stipulation, the court must embark upon a full-scale, "contested-case" inquiry. Similarly, sec. 767.24(2), Stats., which requires the family court in making a "custody determination" to consider "all facts in the best interest of the child," is inapplicable here, for in this case the court is not being asked to make any "determination." "Determination" is defined as: "the settling and ending a controversy esp. by judicial decision ... the resolving of a question by argument or reasoning ...." Webster's Third New International Dictionary 616 (1976). There is no dispute and no controversy with respect to custody in this case. Finally, the first sentence of sec. 767.32(2), Stats., reads "[w]henever the welfare of any ... child will be promoted thereby, the court granting ... judgment shall always have the power to change

the care and custody of any ... child, either by giving it to or taking it from any parent, relative or agency." That sentence, except for minor changes, has been part of Wisconsin law since 1909. Section 3, ch. 323, Laws of 1909. No Wisconsin appellate decision since then suggests that the legislature, by that sentence, intended judicial investigation and evidentiary hearings in all divorce actions involving minor children. If it had, it could have done so in specific language.

In *Marotz v. Marotz,* 80 Wis. 2d 477, 484, 259 N.W.2d 524, 528 (1977), the court said:

> The approval of a custody stipulation itself does not necessarily involve an evaluation of both parents to determine in whose custody the child's best interests are promoted; rather, the award of custody upon stipulation is usually based merely on the determination that the party to whom custody is stipulated is capable of caring for the child. (Citation omitted.)

*Accord Haugen v. Haugen,* 82 Wis. 2d 411, 414, 262 N.W.2d 769, 771 (1978). The dissent concludes this language is dicta, but matters not decisive to the primary issue presented but germane to that issue are not dicta, but binding decisions of the court. *State of Louisiana ex rel. Eaton v. Leis,* 120 Wis. 2d 271, 277, 354 N.W.2d 209, 212 (Ct. App. 1984). The quotation from *Marotz* was a part of the court's reasoning by which it reached its conclusion. It must be germane to the issue discussed and is therefore a binding decision of the court. Were we to agree, which we do not, that there is a conflict between *King* and *Marotz,* we would follow *Marotz* and *Haugen.* If decisions of the supreme court are inconsistent, we follow that court's practice

787

of relying on the most recent pronouncement. *Drivers, etc., Local No. 695 v. WERC,* 121 Wis. 2d 291, 296, 359 N.W.2d 174, 177 (Ct. App. 1984).

A contrary conclusion would result in little other than additional time and cost. One of the parents involved in a divorce will be given custody unless both are unfit or unable to care for the children, or there are compelling reasons for awarding custody to a third party. *Barstad v. Frazier,* 118 Wis. 2d 549, 568, 348 N.W.2d 479, 489 (1984). "Compelling reasons include abandonment, persistent neglect of parental responsibilities, extended disruption of parental custody, or other similar extraordinary circumstances that would drastically affect the welfare of the child." *Id.* Abandoned and neglected children and disrupted families are the focus of ch. 48, Stats., the Children's Code. When a situation has reached the point where a child's custody could be given to a third party, school social workers, the police, and others can be relied upon to set in motion the procedures of the Children's Code.

Because the trial court properly interpreted secs. 767.24(2) and 767.32(2), we affirm its order denying Robert's motion to vacate the court's prior order.

*By the Court.*—Order affirmed.

SUNDBY, J. (*dissenting*). The Divorce Reform Act and public policy do not permit the family court to approve child custody changes pursuant to the unexamined stipulation of the parties.[1] Further, such prac-

---

[1]It is undisputed that the family court made no inquiry as to whether the proposed change was in the best interests of the children. The order amending the judgment provided:

tice has been specifically disapproved by the Wisconsin Supreme Court. Therefore, I respectfully dissent.

At the outset, I disavow the position the majority attributes to me. I do not suggest that a change of custody pursuant to stipulation of the parents requires a "full-scale, 'contested-case' inquiry." Majority opinion at 786. I do not agree, however, that the family court, when presented with a custody change stipulation, fulfills its responsibility under sec. 767.10, Stats., by entering a custody change order without any examination of the circumstances.

In *King v. King,* 25 Wis. 2d 550, 555, 131 N.W.2d 357, 360 (1964), the court stated:

> While parents may stipulate as to custody, the agreement should not be approved by the court unless it insures and promotes the best interest of the children. We do not approve of a trial court's granting custody on a stipulation without taking testimony calculated to ascertain what is best for the children or otherwise inquiring into the best interest of the children. A contract between the parents contemplating a divorce should be given serious consideration by the court as it normally expresses what may be best for the child; nevertheless it does not bind the court or preclude a modification of a decree based thereon. Since a child of a broken home has rights which should be

By stipulation of the parties,
IT IS HEREBY ORDERED THAT:

Custody of the parties' minor children, Jennifer R. Beecher, born May 4, 1969, and Nathan T. Beecher, born September 9, 1971, shall be with petitioner, Janet Iona (Beecher) Luhman, thereby amending Paragraph 4, Section a of the Judgment of Divorce, attached hereto and incorporated by reference herein.

All other provisions of the Judgment of Divorce, not inconsistent with that stated herein, shall remain in full force and effect.

protected, the controlling question is not what the parties agreed to but what is in the best interest of the child. [Citations omitted.]

In *Weichman v. Weichman,* 50 Wis. 2d 731, 737, 184 N.W.2d 882, 885 (1971), the court stated:

[T]he custody of the child was stipulated, but such a stipulation is not binding upon the court and should not be approved unless the court determines independently that what is stipulated promotes and insures the welfare of the child. Testimony on the stipulation should be taken.

The majority does not claim that these precedents have been overruled by subsequent decisions or legislative action.[2] These precedents bind the Court of Appeals. *Wausau Underwriters v. Dane County,* 142 Wis. 2d 315, 326, 417 N.W.2d 914, 918 (Ct. App. 1987).

[2]The majority attempts to distinguish *King* and *Weichman* on the grounds they involved contested custody cases. *King,* 25 Wis. 2d at 555, 131 N.W.2d at 360, however, considered the effect of a stipulation made in a nonadversarial situation. The mother claimed she should not be bound by a stipulation she voluntarily entered into. Her position is the same as that which Robert now advances. The court prefaced the quoted statement by saying: "But assuming the facts to be as the plaintiff understood them, such an agreement is subject to approval of the court." *Id. King* explains the obligation of the family court when asked to approve a stipulation regarding child custody. *Weichman,* 50 Wis. 2d at 737, 184 N.W.2d at 885, adopts the holding of *King.*

It is not whether there is contest over custody which triggers the responsibility of the family court; it is the need to insure that the best interests of the child are protected that requires the family court to make an investigation before approving a stipulated custody change. In a perfect world such an investigation would not be necessary. In that world, judges would be "magnificant anachronism[s]."

On the basis of those precedents, and the plain language of secs. 767.10,[3] 767.24(2) and 767.32(2), Stats., I conclude that a stipulation changing custody may not be approved by the family court unless the court satisfies itself by an appropriate investigation[4] that the custody arrangement insures and promotes the best interests of the child.

I agree with the majority that because the children were in Janet's care, it was not necessary for the court to find that a change in custody was "necessary" to the children's best interests. *Marriage of Tieberg v. Ehlke,* 137 Wis. 2d 228, 233, 404 N.W.2d 84, 86 (Ct. App. 1987).[5] However, I vigorously dissent from the majority's conclusion that *Tieberg* holds that, where the child is in the care of the noncustodial parent, a change of custody may be effected without considering whether such change is in the best interests of the child. *Tieberg,* 137 Wis. 2d at 234, 404 N.W.2d at 86, simply holds that where the child is in the care of the noncustodial parent, the higher standard, requiring a showing by substantial evidence that "the change of custody was necessary," does not apply. The majority attributes to the *Tieberg* court a holding which it did not make—that a change of custody is not a "custody

---

[3]Section 767.10, Stats., provides: "The parties in an action for [a] ... divorce ... may, *subject to the approval of the court,* stipulate for ... custody ...." (Emphasis added.)

[4]In the normal course, testimony will be taken by the trial court. However, an evidentiary hearing may not be necessary if, for example, the stipulation is supported by affidavits and/or reports of the social service agency and the family court commissioner. Social service workers' reports are recommended tools in determining the best interests of the child. *Fritschler v. Fritschler,* 60 Wis. 2d 283, 287, 208 N.W.2d 336, 338 (1973).

[5]Robert is incorrect that the higher necessary-to-the-child's-best-interest standard applies to this case.

791

determination." The majority concludes that sec. 767.24(2), Stats., which requires the family court, in making a "custody determination," to consider "all facts in the best interest of the child" is called into play in a custody change only by the express language of the last sentence of sec. 767.32(2). Contrary to the majority, I conclude that any change of custody is a "custody determination" within sec. 767.24(2).

My conclusion—that a change of custody requires the family court to make an inquiry as to whether the best interests of the child are served thereby—is supported by the legislative history of the divorce and custody statutes and the cases interpreting those statutes.

As *King,* 25 Wis. 2d at 555, 131 N.W.2d at 360, and *Weichman,* 50 Wis. 2d at 737, 184 N.W.2d at 885, hold, under former secs. 274.24 and 247.25, Stats. (1975),[6] the divorce court had an affirmative duty, despite the stipulation of the parties, to inquire whether the custody determination was in the best interests of the child. The acquiescence by the family court in unexamined stipulations of the parties is a practice not to be encouraged. *Schmitz v. Schmitz,* 70 Wis. 2d 882, 886, 236 N.W.2d 657, 660 (1975). The majority concedes that the case law at the time of enactment of the Divorce Reform Act is still applicable.[7] Majority opinion at 787.

---

[6]Former sec. 247.25, Stats. (1975), permitted a change of custody as "the benefit of the children shall require." What is now the first sentence of sec. 767.32(2), Stats., was taken without change in substance from former sec. 247.24(2) (1975).

[7]The majority relies on *Marotz v. Marotz,* 80 Wis. 2d 477, 484, 259 N.W.2d 524, 528 (1977), decided on a factual background which arose prior to the Divorce Reform Act. In *Marotz* the court was presented with a custody *fait accompli*—custody had been stipu-

Although the Divorce Reform Act, ch. 105, Laws of 1977, added child custody and visitation to the issues which divorcing parties may stipulate to under sec. 247.10, Stats. (1975), now sec. 767.10, Stats., the requirement that the stipulation be approved by the court was retained. I do not discern from this and other changes made by the Divorce Reform Act any lessening of the legislature's concern for the interests of children of broken marriages. On the contrary, the provisions of ch. 767 as affected by the Divorce Reform Act and subsequent legislative action evince a heightened legislative concern for the welfare of such children.[8] In *In re Marriage of Millikin v. Millikin,* 115 Wis. 2d 16, 23, 339 N.W.2d 573, 576 (1983), the court concurred with our conclusion in *Corcoran v. Corcoran,* 109 Wis. 2d 36, 38–43, 324 N.W.2d 901,

---

lated to by the parties. All that *Marotz* held was that custody was to be litigated *de novo* when a dispute arose following a stipulated custody award. *Id.* at 483–84, 259 N.W.2d at 528. In *Corcoran v. Corcoran,* 109 Wis. 2d 36, 43, 324 N.W.2d 901, 904 (Ct. App. 1982), we concluded that the modification procedures outlined in *Marotz* were no longer applicable under sec. 767.32(2), Stats. Contrary to the majority's assertion, I do not contend that the quoted statement from *Marotz* is dicta. It is, however, irrelevant.

[8]*See* secs. 767.02(3), 767.085(1)(g) and 767.085(5), Stats. (commencement of an action affecting the family which affects a minor child constitutes an application to the department of health and social services for services on behalf of the minor child under sec. 46.25, Stats.). The mandatory counseling under sec. 767.081 includes assistance to the parties in planning for the needs of their minor children. If custody is contested the trial court shall appoint a guardian ad litem to represent the interests of the children and to be an advocate for the best interests of the children, considering the factors under sec. 767.24. Sec. 767.045. Divorcing parents who agree to share joint custody may not do so unless the court finds that a joint custody arrangement would be in the best interests of the child or children. Sec. 767.24(1)(b).

902–04 (Ct. App. 1982), that the enactment of the Divorce Reform Act was intended to make custody changes harder to obtain.

I therefore conclude that the Divorce Reform Act and amendments thereto did not change the law that a stipulation changing custody may not be approved by the court unless the court satisfies itself by an appropriate investigation that the custody arrangement insures and promotes the best interests and welfare of the child. The family court herein concluded: "It is generally in the children's best interests if their parents agree as to the custodial arrangement for the children ...." While the court's observation will be generally true,[9] there is a public interest involved in the transfer of custody of children which is not satisfied by agreement of the parents. *See Koslowsky v. Koslowsky,* 41 Wis. 2d 275, 281, 163 N.W.2d 632, 635 (1969) (best interests of the child rule transcends an agreement or stipulation of the parties).

One of the purposes of court approval of custody arrangements is that the court's consideration of the factors under sec. 767.24(2), Stats., may alert the court to the fact that neither parent is able to care for the child adequately. It may be necessary that the court declare the child in need of protection or services and transfer legal custody to a relative of the child, to a county department or to a licensed child welfare agency.[10] Sec. 767.24(1)(c)1. If the parties were able to

---

[9]*But see Van Cleve v. Hemminger,* 141 Wis. 2d 543, 546, 415 N.W.2d 571, 572–73 (Ct. App. 1987) (recognizing that the children's best interests are frequently compromised for reasons of spite, hostility or economics).

[10]The majority suggests that the police and social service agencies may be relied on to set in motion the procedures under the children's code to deal with abandoned and neglected children

transfer custody by unexamined agreement, this provision for the protection of the child's best interests could be avoided.

> [T]he trial court does not function solely as an arbiter between two private parties. Rather, in his role as a family court, the trial court represents the interests of society in promoting the stability and best interests of the family. It is his task to determine what provisions and terms would best guarantee an opportunity for the children involved to grow to mature and responsible citizens, regardless of the desires of the respective parties. This power, vested in the family court, reflects a recognition that children involved in a divorce are always disadvantaged parties and that the law must take affirmative steps to protect their welfare.

*Kritzik v. Kritzik,* 21 Wis. 2d 442, 448, 124 N.W.2d 581, 585 (1963) (footnote omitted). The same considerations apply to custody determinations subsequent to the Divorce Reform Act. *See Sommer v. Sommer,* 108 Wis. 2d 586, 593, 323 N.W.2d 144, 148 (Ct. App. 1982).

The family court did not represent the interests of society when it entered the custody change order upon the unexamined stipulation of the parties. I would vacate its June 23, 1986 order.

---

and disrupted families. The majority thus attacks the legislative decision to make it a function of the family court to determine whether the best interests of the child may require that neither parent be given custody. It is our function to interpret and apply the legislative will, not to thwart it by a construction of a statute which is contrary to the legislature's purpose.