STATE of Wisconsin, Plaintiff-Appellant,

v.

ONE 1971 OLDSMOBILE CUTLASS
AUTOMOBILE, Vin No. 342571M175712 and Its
Appurtenances, and Martin A. Tregler, Defendants-
Respondents.

Court of Appeals

*No. 90–1850. Submitted on briefs November 13, 1990.—Decided
December 12, 1990.*

(Also reported in 464 N.W.2d 851.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *J. Dennis Thornton,* district attorney, and *Holly L. Bunch,* assistant district attorney.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Daryl W. Laatsch* of *Daryl W. Laatsch, S.C.* of West Bend.

Before Nettesheim, P.J., Brown and Anderson, JJ.

BROWN, J. This case concerns the state's requested forfeiture of a vehicle used to transport a crowbar employed during a burglary but which vehicle was not actually used in the course of the crime. The trial court read sec. 973.075(1)(b), Stats., to allow the state to seek forfeiture of only those vehicles used in the commission of the crime. Although the language of sec. 973.075(1)(b), Stats., was amended effective May 4, 1990, this issue would still arise under the new statutory language. *See* sec. 1, 1989 Wis. Act 263. We hold that the key to the statute is not whether *the* vehicle was used in the crime but whether the property carried by *a* vehicle was used in the crime. If so, then any vehicle carrying that property is subject to forfeiture.

The facts are that Martin A. Tregler was convicted of a burglary committed in West Bend on or about September 21, 1989. During the burglary, Tregler used a crowbar to pry open a dollar bill changer at a laundromat. He then transported the crowbar and the proceeds

from the burglary in a 1977 Oldsmobile. He drove to his apartment, dropped off the proceeds, and traveled to Milwaukee. In Milwaukee, he removed the crowbar from the 1977 Oldsmobile and placed it in his 1971 Oldsmobile which had been parked at his parents' home. He then drove the 1971 Oldsmobile back to West Bend.

The state sought forfeiture of the 1971 Oldsmobile pursuant to sec. 973.075, Stats., which provides, *inter alia:*

> Forfeiture of property derived from crime and certain vehicles. (1) The following are subject to seizure and forfeiture under ss. 973.075 to 973.077:
>
> . . ..
>
> (b) All vehicles, as defined in s. 939.22(44), which are used to transport any property or weapon used . . . in the commission of any felony . . ..

The trial court agreed with Tregler, however, that the statute concerns only those vehicles actually involved in the commission of a felony. The state appeals.

Construction of a statute is a question of law which this court considers *de novo. E.S. v. Seitz,* 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987). If the statute is unambiguous, this court need not look to other aids of construction. *Id.*

The statute is clear on its face. It says, "*All* vehicles . . . *which are used to transport* any property . . . used . . . in the commission of any felony . . .." The operative word is "transport." Section 973.075(1)(b), Stats. (emphasis added). The statute concerns itself with the transporting of property or weapons used in a felony with no limitations on *when* that "transportation" must take place.

If the legislature wanted to allow forfeiture only as to vehicles actually used in the commission of the felony, it would have used limiting language to that effect. For example, it might have said, "all vehicles used in the commission of the felony." The statute does not have this language.

Tregler argues against using a literal interpretation of the statute asserting that it would lead to absurd results. He cautions that a literal interpretation would mean that whatever vehicle is driven with the offending crowbar inside it is subject to forfeiture. Thus, a whole succession of automobiles might be subject to forfeiture even if owned by someone other than the perpetrator of the felony. He claims this to be an absurd result.

We need not concern ourselves with hypotheticals since we deal only with the facts before us. The facts we have are that Tregler used a 1977 Oldsmobile in committing the crime, and immediately after, he transferred the crowbar to the 1971 Oldsmobile. We do note, however, that sec. 973.075(1)(b)1, 2 and 3, Stats., provides that no vehicle shall be subject to forfeiture absent knowledge of or consent to the commission of a felony by the owner or party in charge of the vehicle. *See also* sec. 973.075(5). This would seem to provide protection for the innocent.

*By the Court.*—Judgment reversed.