Reginald D. PHILLIPS and Sally Phillips, his wife, Petitioners-Appellants,

v.

Peter BEHNKE, Pam Behnke, Ken Brittingham, John Doe, Jane Doe, ABC Insurance Company, DEF Insurance Company and GHI Insurance Company, Respondents-Respondents.

Court of Appeals

*No. 94–2340. Submitted on briefs February 13, 1995.—Decided March 14, 1995.*

(Also reported in 531 N.W.2d 619.)

For the petitioners-appellants the cause was submitted on the briefs of *Mark P. Howe* and *Donald R. Zuidmulder* of *Zuidmulder, Appel & Gammeltoft, S.C.* of Green Bay.

For the respondents-respondents, Peter Behnke and Pam Behnke, the cause was submitted on the brief of *Marie A. Stanton* and *Jeffrey J. P. Conta* of *Grzeca & Stanton, S.C.* of Green Bay.

For the respondent-respondent, Ken Brittingham, the cause was submitted on the brief of *Robert W. Burns* of *Godfrey & Kahn, S.C.* of Green Bay.

Before Cane, P.J., LaRocque and Myse, JJ.

MYSE, J. Reginald and Sally Phillips appeal a summary judgment dismissing their complaint on the grounds that the respondents were immune from liability under § 48.981, STATS. The Phillips contend that the trial court erred by concluding that the respondents were immune under § 48.981 because the respondents (1) did not have standing to claim immunity under the statute and (2) did not meet the statutory condition of "good faith" to obtain immunity. Accordingly, the Phillips argue that the trial court erred by granting the respondents' motion for summary judgment. Because we conclude that the trial court properly determined that the respondents were statutorily immune from liability, the judgment is affirmed.

Peter and Pam Behnke are the parents of a twelve-year-old daughter. Peter is employed as the principal of the Niagara Elementary School, Reginald Phillips is a former teacher in the Niagara School District and Ken Brittingham was the Niagara School District Administrator. In 1991, the Behnkes' daughter filed a written statement with the Marinette County Sheriff's Department, alleging that Phillips, her teacher, had sexual contact with her in the classroom. The Behnkes conducted an investigation into their daughter's allegations and eventually advised Brittingham of the suspected sexual contact. Brittingham subsequently interviewed several students in an effort to substantiate the allegations and ultimately reported the allegations to the Marinette County Social Services Department.

Based upon the allegations made by the Behnkes' daughter, and similar allegations by other female students who apparently followed in her wake, the Department of Public Instruction conducted an investi-

gation into Phillips' conduct and found probable cause for the revocation of his teaching license. A hearing was subsequently held to determine whether Phillips' license should be revoked. Following the hearing, the examiner issued a decision, finding that Phillips had committed seven acts of immoral conduct with minors and recommending that the Superintendent of Public Instruction revoke Phillips' license. Ultimately Phillips' license was revoked.

The Phillips subsequently filed a complaint against the Behnkes, Brittingham and their respective insurance companies. The complaint stated that Peter and Pam Behnke attempted to have Reginald removed from his position as a teacher for the Niagara School District by negligently, recklessly and intentionally making false allegations that Reginald engaged in sexual misconduct. The complaint further stated that Ken Brittingham negligently failed to confirm the Behnkes' accusations before reporting the allegations to the Marinette County Social Services Department. The respondents filed a motion for summary judgment, arguing that the complaint should be dismissed because they were immune from liability under § 48.981, STATS. The trial court granted the respondents' motion and the Phillips appeal.

We review a summary judgment de novo, applying the same methodology as the trial court. *See* § 802.08(2), STATS. Because that methodology is familiar, we need not repeat it here. *See Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315, 401 N.W.2d 816, 820 (1987). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*

558

■■ Whether the trial court properly concluded that § 48.981, STATS., immunized the respondents from liability is an issue of statutory interpretation that we review without deference to the trial court. *E.S. v. Seitz*, 141 Wis. 2d 180, 184, 413 N.W.2d 670, 672 (Ct. App. 1987). When interpreting a statute, our primary purpose is to give effect to the legislature's intent. *State ex rel. Dieckhoff v. Severson*, 145 Wis. 2d 180, 189, 426 N.W.2d 71, 73 (Ct. App. 1988). To determine the legislature's intent, we first look to the language of the statute itself. *State v. Pham*, 137 Wis. 2d 31, 34, 403 N.W.2d 35, 36 (1987).

Section 48.981(2), (3) and (4), STATS., provides in relevant part:

> (2)  PERSONS REQUIRED TO REPORT. A . . . school teacher, administrator or counselor . . . having reasonable cause to suspect that a child seen in the course of professional duties has been abused or neglected or having reason to believe that a child seen in the course of professional duties has been threatened with abuse or neglect and that abuse or neglect of the child will occur shall . . . report as provided in sub. (3).
>
>  . . . .
>
> (3)  REPORTS; INVESTIGATION. (a) *Referral of report.* A person required to report under sub. (2) shall immediately inform, by telephone or personally, the county department or the sheriff or city, village or town police department of the facts and circumstances contributing to a suspicion of child abuse or neglect or to a belief that abuse or neglect will occur.
>
>  . . . .
>
> (4)  IMMUNITY FROM LIABILITY. Any person or institution participating in good faith in the making of a

report, conducting an investigation, ordering or taking of photographs or ordering or performing medical examinations of a child under this section shall have immunity from any liability, civil or criminal, that results by reason of the action. For the purpose of any proceeding, civil or criminal, the good faith of any person reporting under this section shall be presumed. The immunity provided under this subsection does not apply to liability for abusing or neglecting a child.

Thus, under the statute, if an individual qualifies as a mandatory reporter under subsec. (2) and has reasonable cause to suspect that a child seen in the course of professional duties has been neglected or abused, the individual must report the alleged abuse or neglect to the county department, sheriff or police department. Section 48.981(2) and (3), STATS. The Phillips concede that Peter and Pam Behnke, as well as Brittingham, were mandatory reporters under the statute. However, the Phillips contend that the respondents were not entitled to immunity for a variety of reasons.

The Phillips first contend that the Behnkes were not entitled to immunity under § 48.981(2), STATS., because they reported the allegations of sexual contact between their daughter and Reginald to Brittingham, rather than the county department or police as mandated by § 48.981(3). This contention is without merit.

The Behnkes reported the allegations of sexual contact to Brittingham with the understanding and expectation that the information would be investigated and, if verified, reported to the proper authorities. Thus, although Brittingham actually reported the allegations of sexual misconduct to the Marinette County Social Services Department, he did so at the behest of

the Behnkes. Under these circumstances, we conclude that the Behnkes were entitled to immunity. To construe the statute as limiting immunity solely to the individual who actually reported the alleged abuse or neglect to the authorities would eviscerate the protections of the statute and lead to absurd results. For example, if five school teachers obtained information that would require reporting under the statute and agreed that one of them would report the information, the teacher who actually reported the information would receive immunity. The other teachers, however, would be deprived of immunity under the statute, despite the fact that they determined a report should be made and designated a reporter. Certainly the legislature did not intend to create such an absurd result. Accordingly, we conclude that the Behnkes were entitled to immunity, despite the fact that they did not report the allegations directly to the authorities, because they reported the necessary information to one who was expected to, and did, report the information to the proper authorities.

The Phillips, however, contend that neither the Behnkes nor Brittingham were entitled to immunity under § 48.981(4), STATS., because they: (1) did not immediately report the suspected abuse and (2) did not report the allegations in good faith. We shall address each of these arguments in turn.

The Phillips contend that the respondents did not have standing to claim immunity under § 48.981(4), STATS., because they did not immediately report the allegations to the proper authorities as required by subsec. (3). While it is true that the respondents conducted a preliminary investigation to verify the allegations against Phillips before reporting the allegations to the proper authorities, we reject any

suggestion that reasonable attempts at verification deprive a reporter of immunity under the statute.

First, we note that the statute is void of any consequence for a delay in the reporting of information pertaining to child abuse or neglect, much less a provision that would deny immunity for such delay. Further, the immediacy language is not contained in the immunity section of the statute, but in the reporting section. Thus, the context in which the immediacy requirement appears indicates that it is not a prerequisite to immunity, but is intended to facilitate the timely reporting of information to the proper authorities. Finally, we conclude that expending a reasonable amount of time to verify a child's allegation of sexual misconduct is consistent with the statute's requirement that such information be reported immediately.

An allegation that an individual has engaged in improper sexual behavior with a child is extremely damaging both to the individual's reputation and career. Accordingly, investigating the reasonableness of one's belief that a teacher has engaged in sexual misconduct prior to making a report is proper and does not deprive the individual of immunity. This is consistent with the language in § 48.981(2), STATS., which states that an individual is only required to make a report where there is "reasonable cause to suspect" that a child has been abused or neglected. Here, both the Behnkes and Brittingham conducted an investigation into the allegations made by the Behnkes' daughter and, after concluding that there was reasonable cause to suspect that Reginald touched her in an improper manner, immediately reported the allegations. Given the dire consequences that a false report

562

could have on the suspected individual, the respondents' decision to conduct an investigation before reporting the allegations was reasonable and did not remove the respondents from the protections of the statute. For the foregoing reasons, we conclude that the delay in reporting did not deprive the respondents of immunity under § 48.981(4), STATS.

The Phillips next contend that under § 48.981(4), STATS., an individual who is required to report information concerning the abuse or neglect of a child is only entitled to immunity if he or she makes the report in good faith. Thus, the Phillips argue that the trial court erred by granting summary judgment because their complaint alleged that the respondents did not make the report in good faith. We are not persuaded.

Summary judgment methodology does not require the trial court to accept the allegations contained in the opposing party's pleadings as true. Once the moving party has established a prima facie case for summary judgment, the opposing party has the burden to establish that there is a genuine issue for trial. Section 802.08(3), STATS. To meet this burden, however, an adverse party may not rest upon the mere allegations or denials of the pleadings, but must file affidavits or other supporting papers. *Id.* If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against that party. *Id.*

Here, the respondents' motions to dismiss, coupled with the presumption of good faith under § 48.981(4), STATS., established a prima facie case for summary judgment. The Phillips responded by filing one affidavit in opposition to the respondents' motion for summary judgment. The affidavit, however, failed to

address the issue of immunity and set forth no factual circumstances to suggest that the respondents failed to act in good faith when they reported Reginald's alleged conduct to the authorities. The conclusory allegation of bad faith in the Phillips' complaint is not sufficient to rebut the respondents' prima facie case for summary judgment. Section 802.08(3), STATS. Accordingly, because the Phillips failed to meet their burden of demonstrating that there was a genuine issue for trial, we conclude that the trial court properly determined that the respondents were immune from liability and granted summary judgement.

The Phillips, however, argue that if the trial court had permitted discovery before granting summary judgment to the respondents, they would have been able to develop evidence that the respondents did not make the report in good faith. This argument may have some merit were there any factual underpinnings to suggest that the respondents failed to act in good faith. However, there is absolutely no evidence, other than the allegations in the Phillips' complaint, to support their contention that the respondents reported the allegation against Reginald in the absence of good faith.

BLACK'S LAW DICTIONARY 693 (6th ed. 1990) defines good faith as: "[A]n intangible and abstract quality with no technical meaning or statutory definition, and it encompasses, among other things, an honest belief, the absence of malice and the absence of design to defraud or to seek an unconscionable advantage . . . ." In this case, there are no facts or allegations to suggest that the respondents reported the allegations against Reginald out of malice. Rather, the allegations in the Phillips' complaint and affidavit allege only that the respondents' conduct prior to reporting the allegations

was negligent. Negligence does not rise to the level of bad faith. Accordingly, we conclude that there is no evidence that raises a factual dispute as to the respondents' good faith in reporting the allegations of sexual misconduct against Reginald.

In sum, the Phillips do not dispute that the respondents were mandatory reporters under § 48.981(2), STATS. We conclude that respondents' decision to conduct a preliminary investigation prior to reporting the allegations was consistent with the statute's requirement that the information be reported immediately. Finally, we conclude that there was no evidence that the respondents made the report in bad faith. Therefore, the trial court properly concluded that the respondents were immune from liability under § 48.981(4) and granted summary judgment to the respondents.

*By the Court.*—Judgment affirmed.